Relfe and Wife v. Bibb et al.

## RELFE AND WIFE *vs.* BIBB ET AL.

| 43 | 519 |
| 114 | 474 |

[BILL IN EQUITY TO ENJOIN SALE OF LAND ALIENED BY JUDGMENT DEBTOR, AND TO COMPEL JUDGMENT CREDITOR TO PROCEED FIRST AGAINST LANDS OF DEBTOR.]

1. *Land subject to lien of judgment, sold in parcels to different purchasers, at different times; in what order liable for satisfaction of judgment; to what property judgment creditor may be compelled to resort.*—Where lands subject to the lien of a judgment have been sold by the owner, at different times to different persons, the judgment creditor may be compelled in equity to resort, first, to the other property of the defendant, and then to the portions sold, in the inverse order of their alienation.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. N. W. COCKE.

The facts appear in the opinion.

CUNNINGHAM & GRAVES, and J. W. A. SANFORD, for appellants.

WATTS & TROY, *contra.*

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—The bill filed by the appellants was dismissed for the want of equity. Its allegations present the following case: A. Pope owned several lots of land in the city of Montgomery which were subject to the lien of a judgment, recovered against him by Harris & Hoyt in 1861. On the 9th of March, 1866, he sold two of the lots, numbered 7 and 8, to the appellants. On the 5th of April, 1866, he mortgaged thirteen others to J. D. Bibb. Afterwards he sold one numbered 9, included in the mortgage to Bibb, to Wing. Bibb sold all the lots mortgaged to him except three, one of which, No. 9, he released to Wing, on payment of $175. The lots sold by Bibb were redeemed by Pope, and are now his property. Bibb subsequently bought the judgment of Harris & Hoyt, and is now proceeding to sell, under execution issued on it, the lots 7 and 8, belonging to the appellants. The bill prays for an injunction to restrain the sale of the said lots for the satisfaction of the judgment, and for general relief.

The facts stated are to be taken as true. The appellants are clearly entitled to have the execution directed, first, against the property remaining in the possession of Pope, and if that is not sufficient to satisfy the judgment, then against that conveyed by him in the inverse order of its alienation.—*Mobile Marine Dock and Mutual Insurance Co. v. Huder*, 33 Ala. 713; *Schryver v. Feller*, 9 Paige, 173, 176; *Clouees v. Dickerson*, 5 Cowen Ch. R. 235, 241, 242, 243.

The decree is reversed and the cause remanded.