## Lyons and Call v. Sanders.

(Decided November 25, 1924.)

### Appeal from Pike Circuit Court.

Municipal Corporations—Ordinance Assessing Cost of Improvement Held to Sufficiently Describe Property.—Ordinance assessing costs of sewer improvement which in describing property only named street and owner, and gave number of front feet, and amount of assessment, held sufficient, under Ky. Stats., section 3490, subsection 9, and sections 3563, 3574.

ROSCOE VANOVER for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Pikeville is a city of the fourth class with power to construct sewers and assess the entire cost to an amount not exceeding $1.00 per front foot against the abutting property. Kentucky Statutes, section 3490, subsection 9. On June 30, 1921, the city council passed an ordinance creating and defining a sewer district for the south end of the city, and ordering the construction of a sewer along certain streets, including Park street from its southern extremity to Brick hollow. After due advertisement, R. H. Lyons and J. W. Call, being the lowest and best bidders, were awarded the contract for the construction of the sewer. After the work was performed the city council passed an ordinance, dated February 21, 1922, accepting the work, and apportioning the cost thereof against the abutting property.

This suit was brought by the contractors against J. E. Sanders, who owns a lot fronting fifty-five feet on Park street, to enforce their lien on the property. A demurrer was sustained to the petition as amended, and the petition dismissed. Plaintiffs have appealed.

Excluding that portion of the cost of the sewer system paid for by the city, the cost was $2,602.78, which was apportioned against the abutting property at the rate of $1.00 per front foot. The apportionment ordinance did not describe the property further than to give the name of the street, the owner of the property, the number of front feet which he owned, and the amount of his assessment. The demurrer was sustained to the

petition on the ground that the description of the prop-
erty in the apportionment ordinance was not sufficient.
At one time when a technical rather than a substantial
compliance with improvement ordinances was required,
the courts were inclined to the view that an assessment
ordinance which merely stated the number of front feet
was not a sufficient description. Sharp v. Johnson, 4
Hill 92, 40 Am. Dec. 259.   But the former rule of strict
compliance has been followed by a more liberal policy
on the part of the legislature, and a less technical attitude
on the part of the courts.   The statute authorizing the
construction of sewers provides that the lien upon the
abutting property may be collected and enforced, as
street improvement liens are collected and enforced,
and section 3574 governing the enforcement of street
improvement liens not only declares that the lien pro-
vided for in section 3563 shall not be defeated or
postponed "by any error or mistake in the description
of the property, or in the names thereof," but contains
the following provision: "Nor shall any error of the
proceedings of the board of council exempt any property
from the lien for, or payment of, such taxes after the
work has been done and accepted as provided in this sec-
tion; but the board of council or the courts in which suits
are pending shall make all corrections, rules and orders
to do justice to all parties concerned." The sewer was
constructed and accepted by the council. The cost to an
amount not exceeding $1.00 per front foot was a lien on
the abutting property.   In apportioning the cost the
ordinance gave the name of the street, the number of
front feet owned by the defendant, and the amount of
his assessment.   In view of the above statute we think
this description was sufficient to identify the property,
and to uphold the lien, and that any defect in the descrip-
tion, for the purpose of judgment, could be supplied by
the court from the amended petition which gave an ac-
curate description of the property.   It follows that the
demurrer to the petition as amended should have been
overruled.

Judgment reversed and cause remanded for pro-
ceedings consistent with this opinion.