(117 So. 316)

## CABANISS v. CITY OF HUNTSVILLE.
### (8 Div. 937.)

Supreme Court of Alabama.    June 7, 1928.

1. **Municipal corporations** &#9758;483(3)—City council need not show on minutes of proceedings that improvement has been completed before filing assessment roll (Code 1923, § 2190).

It is not necessary that city council show upon the minutes of its proceedings that improvement has been completed as required by Code 1923, § 2190, before filing assessment roll, since it will always be presumed, in absence of evidence to the contrary, that there has been a precedent completion.

2. **Municipal corporations** &#9758;449(4), 486(1)—Notice for hearing objections to assessment roll and assessment ordinance showed that improvement had been completed before filing assessment roll (Code 1923, § 2190).

Notice by city council to property owner that assessment roll for improvements had been prepared and delivered to city clerk and was open for inspection, together with final ordinance of assessment, *held* to show by necessary implication that improvement had been completed as required by Code 1923, § 2190, before filing assessment roll.

3. **Municipal corporations** &#9758;479—Description of property to be assessed for improvement will be sufficient, if identifying it with reasonable certainty (Code 1923, § 2190).

In absence of other requirement by statute, description of property to be assessed for improvements in proceedings under Code 1923, § 2190, will be sufficient, if it identifies property with reasonable certainty.

4. **Municipal corporations** &#9758;479—Description of lot in final assessment ordinance as part of certain block fronting on named street held sufficiently definite to support assessment.

Description of lot in final assessment ordinance for improvement as part of certain block fronting 385 feet on the named street and the property of named owner *held* sufficient to support assessment as supplying requisite facts for clear identification of lot by the aid of parol evidence, showing in fact that taxpayer owned and occupied lot described.

5. **Municipal corporations** &#9758;511(2)—Independent description of property in city clerk's transcript of proceedings on appeal from assessment is not legal evidence, unless established by appropriate testimony (Code 1923, § 2207).

City clerk's transcript of assessment proceedings on appeal, containing an independent description of property, does not make such independent description certified by him in his transcript legal evidence in the case, unless it be established by appropriate testimony, notwithstanding requirement of Code 1923, § 2207, that transcript shall contain an accurate description of property.

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

6. Evidence ☞345(2)—Independent description in city clerk's transcript of proceedings on appeal from assessment did not render transcript inadmissible as a whole.

Where city clerk's transcript of proceedings on appeal from assessment under improvement ordinance contained an independent description of property, the transcript was not thereby rendered inadmissible as a whole, nor was it of any material consequence, where property was sufficiently described in final assessment ordinance.

7. Municipal corporations ☞304(4)—Ordinance providing for improvement of Randolph street or Randolph avenue held, under evidence, to have sufficiently described street for improvement.

Ordinance providing for improvement of Randolph street or Randolph avenue *held* to have sufficiently described street proposed to be improved, in view of evidence showing that Randolph street branched into two streets; the continuation straight onward being the one designated in the ordinance and all proceedings as street proposed for improvement.

8. Municipal corporations ☞304(5)—Improvement ordinance designating distinct materials for paving with reservation of final choice sufficiently described general character of materials (Code 1923, § 2176).

Improvement ordinance, designating seven distinct materials in the alternative for paving with a reservation of final choice by city council after bids were received, sufficiently described general character of materials to be used for improvement within Code 1923, § 2176.

9. Municipal corporations ☞449(3)—Assessment ordinance need not recite that assessment has been fairly and equitably made (Code 1923, § 2188).

Assessment ordinance, pursuant to improvement, need not recite that assessment has been fairly and equitably made, Code 1923, § 2188, relating to assessment of corner improvements having no relevancy in case involving pavement of one street.

10. Trial ☞122—City counsel's argument on appeal from assessment, referring to taxpayer's failure to offer evidence of no increase in value, held not error.

In proceedings on appeal from assessment under improvement ordinance, statement of city counsel referring to defendant's failure to offer evidence that property had not increased in value *held* not error as being a proper matter for comment by opposing counsel.

11. Trial ☞260(1) — Refusal of instruction covered by oral charge held not error.

Refusal, in proceedings on appeal from assessment under improvement ordinance, of instruction relative to burden of city to establish that property had not increased by reason of alleged improvement, *held* not erroneous, in view of fact that oral charge correctly stated law thereon.

12. Appeal and error ☞664(1)—Contradictions, being evidently result of clerical misprisions, are self-correcting.

Contradictions, in confusion of dates relative to transcript being filed before trial and judgment following rather than preceding trial of case, being evidently the result of clerical misprisions, are self-correcting.

13. Municipal corporations ☞511(2)—Finding that assessment did not exceed increased value constituted sufficient predicate for judgment for amount of assessment.

Finding of jury that assessment under improvement ordinance did not exceed increased value of taxpayer's property constituted sufficient predicate for a judgment for city for amount of assessment and declaration of lien therefor on assessed property.

14. Municipal corporations ☞511(2), 519(1) —City council need not declare lien on property in assessment ordinance, nor was it necessary for verdict of jury to find in favor of lien (Code 1923, § 2199).

City council need not necessarily declare a lien on property in assessment ordinance, since Code 1923, § 2199, declares lien on fixation of assessment, nor was it necessary or proper for verdict of jury finding assessment did not exceed increased value of property to find in favor of a lien.

Appeal from Circuit Court, Madison County; James E. Horton, Judge.

Appeal of Fannie S. Cabaniss to the circuit court from an assessment against her property, fixed by the city council of Huntsville under an improvement ordinance. From a judgment for plaintiff (City of Huntsville), defendant appeals. Affirmed.

Statement by SOMERVILLE, J.:

The appeal is from a judgment of the circuit court confirming and fixing an assessment made by the city of Huntsville against appellant's property on account of street improvements.

The improvement ordinance provided for "a 24-foot driveway along the center line of Randolph street or Randolph avenue from the east property line of Lincoln street to the west line of the common intersection of Randolph street or Randolph avenue and Second avenue and Sixth street," and that the driveway should be paved with asphaltic concrete paving, sheet asphalt paving, Warrenite bitulithic paving, one course Portland cement concrete paving, vertical vitrified brick paving, asphalt filled, Tarvia double-sealed paving, or Willite sheet asphalt, with specifications as to each. The final selection of the paving material was reserved by the council until bids were received.

Throughout the proceedings, the street to be improved was designated as in the initial ordinance.

On June 10, 1924, the bids on file were considered, and a bid on asphaltic concrete pav-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing was accepted, and the contract ·for construction was awarded.

On December 30, 1924, notice was given by publication to property owners interested that "the assessment roll or list prepared in accordance with the law in such cases" had been delivered to the city clerk and was open for inspection, and that the council would meet at a stated time to hear objections thereto. This notice recites that "the general character of the improvements constructed under said ordinance consists of certain grading, curbing, guttering, and paving."

Some of the property owners, including this appellant, appeared and objected, and their · objections were overruled.

Thereupon a final ordinance was adopted, adjudging that none of the several assessments was in excess of the increased value of the lot assessed, derived as a special benefit from the improvements made, and that the total of the assessments was not in excess of the costs thereof. The ordinance then declares that each of the assessments against each lot or parcel of land as shown to be owned by the persons therein named, be and the same is hereby fixed as the true, correct, and final amount of assessments to be made against said lots or parcels of land for and on account of said improvements to said street.

Appellant's assessment appears as follows:

| Lot | Block | Survey | Owner | Front-Footage | Amount |
|-----|-------|--------|-------|---------------|--------|
| Portion | 331 | Quigley's | Cabaniss Fannie | on Randolph street 385 | $1,363.31 |

From this assessment appellant appealed to the circuit·court. On the.trial there the city introduced in evidence a transcript of the assessment proceedings to which the city clerk, in his certificate, appended a description of appellant's lot, as follows:

"A portion of block three hundred thirty-one (331) according to Quigley's map of the city of Huntsville, Alabama, on file at the city hall of said city, and in the tax assessor's office of Madison county, Alabama; said portion of said lot fronting, to wit, 385 feet on Randolph street in the. city of Huntsville, Alabama, and more particularly described as following, to wit:

"Beginning at the intersection of the north margin of Randolph street with the east margin of Calhoun street; thence along the east margin of said Calhoun street northwardly 185 feet; thence eastwardly and parallel with Randolph street 285 feet; thence southwardly and parallel with White street 100 feet; thence southwardly and parallel with White street 146 feet to the north margin of said Randolph street; thence westwardly along the north margin of said Randolph street, 385 feet to the beginning."

In her written protest against these street improvements, presented by "the undersigned owners of property abutting and fronting upon Randolph street and Randolph avenue in the city of Huntsville," appellant and other protestants recited:

"Attached hereto is a detailed statement of property owned by petitioners, against which it is proposed to assess the cost of said improvement."

For appellant this statement shows her entire frontage of 385 feet.

The parol evidence is sufficiently stated in the opinion.

In argument to the jury, the city's counsel used this language:

"The defendant has offered no evidence that her property has not increased in value except that of herself. If she is right about this, that her property has not increased in value by reason of this street paving being built, why has she not brought witnesses here to prove it?"

Defendant objected to these remarks, and excepted to the overruling of the objection.

In his oral charge, the judge instructed the jury:

"While the city discharges the original burden (of proof) by the filing of the transcript, yet it is subject to be denied, subject to be contradicted, and then the question comes to you upon the whole evidence, taking into consideration the transcript and the evidence for the defendant, and the evidence for the city of Huntsville, the burden is upon the. city of Huntsville to show to you, to prove to your reasonable satisfaction, that it (the property value) has been increased the amount it has been assessed."

Charge A requested by defendant was refused:

"A. I charge you * * * that, after the defendant offers evidence sufficient to rebut the prima facie case made out by the city by the introduction of the transcript of the proceedings of the city council, then the burden shifts to the city to reasonably satisfy you from the evidence that the defendant's property (value?) has been increased by reason of the alleged improvement."

The jury found for the plaintiff for the total amount of the assessment, and judgment was rendered for that amount, and a lien therefor established.

The judgment describes the property in question by metes and bounds in accordance with the description certified with the transcript by the city clerk.

The defendant appeals.

Agee & Bibb and H. H. Evans, all of Anniston, for appellant.

The original ordinance does not sufficiently describe the streets to be improved. Code 1923, § 2176. It does not provide the general character of materials to be used in making the improvement. Code 1923, § 2176; Garner

v. Anniston, 178 Ala. 430, 59 So. 654; Sanders v. Troy, 211 Ala. 331, 100 So. 483; Stovall v. Jasper, 215 Ala. 300, 110 So. 317. The original ordinance should show what property was affected by its terms, and what part of it would probably be assessed for the improvement. Code 1923, §§ 2176, 2192, 2199, 2110. It is required that the improvement be completed before the mayor causes to be placed a roll or list showing the names of the property owners and description of the property. Gen. Acts 1907, § 131, p. 853. It was error to admit in evidence the transcript of proceedings of the city council; there being nothing in the record to show the improvement had been completed. Gen. Acts 1907, supra. It must be shown that assessment of lots abutting or cornering on the alley was fairly and equitably made. Code 1923, §§ 2188, 2199. The ordinance fixing a lien shows the property as being a portion of block 331; this is not a sufficient description. Code 1923, § 2190; Green v. Dickson, 119 Ala. 346, 24 So. 422, 72 Am. St. Rep. 920. There is no authority for the clerk to fix a description of the property to be assessed. Code, §§ 2190, 2191, 2199. Objection to the argument of counsel for the city should have been sustained. The court should have determined whether or not the assessment exceeded the increased value of the property, and should have so adjudged. Code 1923, § 2209; Huntsville v. Pulley, 187 Ala. 367, 65 So. 405. There being no finding that the property was subject to lien, it was error for the court to adjudge such property subject to the lien. Code 1923, §§ 2190, 2191, 2199.

Lanier & Pride, of Huntsville, for appellee.

The description of the streets to be improved was sufficient. Code 1923, § 2176. If there was doubt that defendant had notice, her frequent appearance before the council in protest shows that she was notified as contemplated by statute. Code, § 2176; Huntsville v. Gudenrath, 194 Ala. 568, 69 So. 629. The description of defendant's property was sufficient. Reynolds v. Shaw, 207 Ala. 274, 92 So. 444. The clerk, in sending up the transcript, was authorized to enlarge upon the description. Code 1923, § 2207. The description of the materials was sufficiently shown. Stovall v. Jasper, 215 Ala. 300, 110 So. 317.

SOMERVILLE, J. Section 2190 of the Code provides:

"When any improvement made under the provisions of this article [33] is contemplated [?], the mayor shall cause to be prepared a roll or list showing the names of the property owners, and opposite each name a description of each lot or parcel of land proposed to be assessed for such improvement, belonging to such owner or owners, and the amount proposed to be assessed against each lot or parcel of land."

An examination of this statute as originally enrolled and as first published (Gen. Acts 1907, § 10, p. 301) shows that the word "contemplated" was substituted by typographical error for "completed." Indeed, from a mere reading of the statute, in connection with the preceding provisions of article 33, the error is plainly and conclusively apparent.

[1, 2] It is insisted that the assessment roll in this case was filed, contrarily to the true meaning of the statute, before the improvement was *completed*. The record, however, does not support this contention. It is not necessary for the city council to show upon the minutes of its proceedings that the improvement has been completed, before taking the steps that appropriately follow that event; and it will always be presumed, in the absence of proof to the contrary, that there has been a precedent completion. But, apart from that presumption, the notice ordered by the council, and the final ordinance of assessment, show by necessary implication that the improvement had been already completed. So, whether a premature filing of the assessment roll be regarded as of material consequence or not, the objection here is without merit.

Another more important insistence is that the description of defendant's property in the final assessment ordinance is not sufficiently definite to support the assessment.

[3] In the absence of other requirement by statute, the description of the property to be assessed in these proceedings will be sufficient if it identifies it with reasonable certainty. 28 Cyc. 1164. The Supreme Court of Mississippi thus states the rule:

"In order to fix a lien on property, it ought to be described with such certainty as from the description alone contained in the assessment the property could be located with certainty. If the description in the assessment is void for uncertainty, it would not be cured by an allegation in the bill seeking to enforce the assessment which might better describe the property to be charged with the lien. The description used in both the bill and the assessment [part lot 22, to 176 lineal feet 5-foot walk at 50 cents, $88] is not free from doubt. * * * We do not say we would reverse for this alone, but leave that an open question, but we do say that certainty of description of property sought to be charged is a requisite of a valid assessment." Per Ethridge, J., in Langstaff v. Town of Durant, 122 Miss. 471, 84 So. 459.

In Diggins v. Hartshorne, 108 Cal. 154, 41 P. 283, it was said:

"In an action for the foreclosure of the lien of a street assessment the plaintiff must describe the land with sufficient definiteness to enable the purchaser under a decree for its sale to obtain possession thereof; and, as the description in the assessment is by reference to the diagram, it is evident that, unless the diagram contains such a delineation of the lot that a definite description thereof can be embodied in the complaint, there can be no foreclosure of the lien of the assessment. It is

only the lot assessed which is subject to the lien, and the judgment directing the sale, as well as the complaint for its foreclosure, must be limited to the description of the lot as found in the assessment."

In the more recent case of. Lyons v. Sanders, 205 Ky. 695, 266 S. W. 373, it is said:

"At one time, when a technical rather than a substantial compliance with improvement ordinances was required, the courts were inclined to the view that an assessment ordinance which merely stated the number of front feet was not a sufficient description. * * * But the former rule of strict compliance has been followed by a more liberal policy on the part of the Legislature and a less technical attitude on the part of the courts. * * * In apportioning the cost the ordinance gave the name of the street, the number of front feet owned by the defendant, and the amount of his assessment. In view of the above statute [that errors in proceedings should not exempt property from lien when work has been completed and accepted] we think this description was sufficient to identify the property and to uphold the lien, and that any defect in the description, for the purpose of judgment, could be supplied by the court from the amended petition which gave an accurate description of the property."

So an assessment "on paving on Webster street from Patterson street to Troupe Street. * * * S. D. 'Ravenal 183' at $5.39½ per lineal foot, $970.82," was held sufficient in City of Valdosta v. Harris, 156 Ga. 490, 497, 119 S. E. 625, 629.

This court has gone very far in upholding the validity of deeds and of contracts to convey which exhibit imperfect descriptions of the subject-matter. Our latest case, in which the decisions are reviewed, is Martin v. Baines (Ala.) 116 So. 341.[1] There, in a bill for specific performance of a contract to sell and convey, the property was held sufficiently described as "part of lots 1, 2, and 3, block 17C [giving town], being 150 feet on Eighty-Fifth Street North, and running back in uniform width of 150 feet." See, also, East v. Karter, 215 Ala. 375, 110 So. 610; Minge v. Green, 176 Ala. 349, 58 So. 381; Caston v. McCord, 130 Ala. 321, 30 So. 431.

[4, 5] The assessment here, as clearly expressed, is upon a certain lot, which is a part of block 331, which lot fronts 385 feet on Randolph street, and is the property of Fannie Cabaniss. This description, we think, supplies the requisite facts for the clear identification of the lot by the aid of parol evidence; and the evidence in fact showed that defendant owned and occupied the lot described. The bill of exceptions, however, does not show that any evidence was given as to the specific metes and bounds for the precise location of the lot, as shown by the certificate of the city clerk in his transcript of the municipal proceedings, and as incorporated by the court in its judgment confirming the assessment. Whatever may be the purpose of section 2207 of the Code, in its provision that the city clerk's transcript of the proceedings on appeal "shall contain a description of the property of such party or parties, the same to be described as accurately as possible according to the map of the city or town in common use, if there be such map," we are clear in the conclusion that it does not authorize the city clerk to amend the record of assessment proceedings, nor does it make any independent description of the property, certified by him in his transcript, legal evidence in the case, unless it be established by appropriate testimony.

As to the more particular description inserted in the judgment, the judgment is not supported by the evidence, and it will be corrected by eliminating that part of the description following the words, "more particularly described as follows." This leaves in the judgment a description of the property which is sufficient to support the assessment and lien as adjudged, and does not change its legal effect.

[6] The presence of the clerk's elaborated description in the transcript did not render the transcript inadmissible as a whole; nor, as we here view and treat the case, was it of any material consequence on the trial.

[7] The objection is made that the ordinance providing for the improvement of "Randolph street or Randolph avenue" does not sufficiently describe the street proposed to be improved; there being, as alleged, both a street and an avenue called "Randolph." The evidence tends to show that Randolph street runs eastward from Green street to defendant's lot, and for 285 feet along its southern margin, and that at that point it branches into two streets; one proceeding onward in a straight line to Second avenue, bounding defendant's lot for an additional hundred feet, and the other turning off at an angle of about 40° to the right. There seems to have been some confusion as to the names of these continuations of the street, but it is clear, from the ordinance itself and abundant parol evidence, that the continuation straight onward is the one designated in the ordinance and in all the proceedings as the street proposed for improvement, and the jury very properly so found. As in accord with this view, it may be noted that defendant's written objection to the improvement ordinance concedes that she has a frontage of 385 feet on the street proposed to be improved, a concession which is inconsistent with the alleged uncertainty as to the street to be improved.

[8] It is objected that the ordinance did not "describe the general character of the materials" to be used for the improvement, as required by section 2176 of the Code. The ordinance in fact designated seven distinct materials in the alternative, with a reservation of final choice by the city council after

---

[1] Ante, p. 326.

bids on all of them had been received. In some of the earlier decisions this court was disposed to limit the permissible designation of materials, if in the alternative, to materials of the same general nature, and to exclude, as insufficient, a designation in the alternative of materials of radically different kinds. But in Sanders v. City of Troy, 211 Ala. 331, 100 So. 483, that view of the statutory requirement was abandoned, and the description was held to be sufficient if each of the alternative materials, however different in character, is intelligibly described. That construction of the statute (section 2176) was approved in Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317. Under those decisions the ordinance in this case must be held as sufficiently complying with the statute. Where different materials are thus designated in the alternative, there must of necessity be a reservation of choice by the city council.

[9] It is not necessary that the assessment ordinance recite that the assessment has been fairly and equitably made; nor indeed has section 2188 of the Code, relating to the assessment of *corner improvements*, any relevancy to the instant case.

[10] The city's counsel stated in argument that—

"The defendant has offered no evidence that the property has not increased in value, except that of herself. If she is right about this, that her property has not increased in value by reason of this street paving being built, why has she not brought witnesses here to prove it?"

It is insisted that defendant's objection to this argument was erroneously overruled. The absence of disinterested evidence upon either side of any issue of fact is a proper matter for comment by opposing counsel, and the argument here did not go beyond the proprieties of the case.

On the hearing of assessment appeals in the circuit court, the introduction in evidence of the transcript and papers sent up by the city clerk "shall be prima facie evidence of the correctness of such assessment, and that said property and persons are justly indebted to the city or town for the amount of said assessment." The validity and correctness of the municipal assessment, as thus shown, may of course be contradicted and overcome by the defendant's evidence; but the introduction of contradictory evidence does not eliminate the municipal record from consideration nor deprive it of all probative value. It remains an evidential factor, and must be considered along with all the other evidence, contradictory or confirmatory, in the determination of the issue presented, as to which, when there is contradictory evidence, the original burden reverts to the city.

[11] Charge A, refused to defendant, was doubtless framed to express this phase of the law. In the oral charge, however, the subject was correctly expounded, and this refused charge was fully covered, so that prejudicial error cannot be imputed to its refusal.

[12] Notwithstanding a confusion of dates apparent upon the face of the record, it is sufficiently clear that the substituted municipal transcript was filed before the trial was had in the circuit court, and equally clear that the judgment of the circuit court followed, and not preceded, the trial of the case. These contradictions, evidently the result of clerical misprisions, are self-correcting.

[13] The judgment of the circuit court shows that the issue submitted to the jury was whether the assessment made by the city exceeded the increased value of defendant's property by reason of the special benefits derived from the improvement, and shows further that the jury found that issue in favor of the plaintiff city. This was a sufficient predicate for a judgment for the plaintiff for the amount of the assessment, and the declaration of a lien therefor upon the assessed property.

[14] It was not necessary for the city council to formally declare a lien upon the defendant's property in the assessment ordinance. The law declares the lien upon the fixation of the assessment. Code, § 2199. Nor was it necessary or proper for the verdict of the jury to find in favor of a lien. Their verdict responded to an issue of fact, upon which the court declared the lien.

Our very thorough consideration of all of the questions presented by this appeal does not lead to the conclusion of reversible error in any particular, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

