(130 So. 66)

## CITY OF DECATUR v. POLYTINSKY.
### 8 Div. 223.

Supreme Court of Alabama.

June 28, 1930.

Rehearing Denied Oct. 9, 1930.

Tennis Tidwell, of Decatur, for appellant.

A. J. Harris, of Decatur, for appellee.

GARDNER, J.

On appeal to the circuit court, the amount of the paving assessment on appellee's property as fixed by the city council was materially reduced, and the city appeals.

■ The question of enhancement in value by reason of special benefits from the im- provements was the sole issue in the court below. Appellant interprets the charge given for defendant, forming the basis of the first assignment of error, as authorizing a capricious disregard by the jury of the transcript and papers forwarded to the trial court by the city clerk as constituting prima facie evidence of the correctness of such assessment. Section 2208, Code 1923; Cabaniss v. City of Huntsville, 217 Ala. 678, 117 So. 316. So interpreted, the charge would be erroneous. O'Neill v. City of Birmingham, 130 So. 87, present term. But we do not so construe the charge.

The statement "if you believe from the evidence offered before you," is of course to be understood as embracing all the evidence of every character and as excluding none. We think the charge is properly construed as indicating to the jury their duty to find the true amount to be assessed if from a consideration of all the evidence they conclude the city's assessment was incorrect. The jury were clearly not misled by the language of the charge, as the trial court in the oral charge was careful to instruct them as to the city's prima facie evidence, saying, "it remains before you, it is evidence before you * * * which you should regard and consider."

■ Defendant's given charge appearing in the third assignment of error was intended to make the distinction between a value increase by reason of general enhancement, and special benefits. The oral charge of the court was full, clear, and explicit as to the law applicable to the case, and with specific reference to the above-noted distinction. In the light of such oral instructions, we think it quite clear the jury was not misled into an understanding that the city was limited to a single, special benefit to the property.

■ The charge forming the basis of the fourth assignment of error is criticised for the use of the words "in front of it," as confining special benefits thereto. But it is quite clear these words merely designated the location of the improvement, and nothing more. There was no reversible error in giving the charges above discussed.

■ Pretermitting a consideration as to whether or not the question of taxation of costs was properly presented (City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486; City of Tuscaloosa v. Hill, 194 Ala. 559, 69 So. 598), we entertain the view and so hold that the cost was properly taxed against the city under Gen. Acts 1927, p. 768, § 38, amendatory of section 2209, Code 1923, wherein it is expressly provided that "in event the court or jury shall not sustain the assessment for the full amount, the Costs of Appeal and trial in the Circuit Court shall be adjudged against the municipality." This statute, properly construed as a rule of practice, was

542

in force at the time of the trial of this cause and rendition of the judgment therein. It was therefore applicable to the instant case. 5 Ency. Pl. & Pr. 111.

We find no reversible error. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN, and FOSTER, JJ., concur.