(134 So. 622)

## CITY OF BIRMINGHAM v. EMOND.

### 6 Div. 723.

Supreme Court of Alabama.
April 9, 1931.

Judgment Corrected May 14, 1931.

Horace C. Wilkinson, of Birmingham, for appellant.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellee.

SAYRE, J.

Appellee held a mortgage for $1,750 on a parcel of land the property of the Mutual Real Estate Company. The city of Birmingham, in which the land is located, procured in the court of probate a judgment condemning the right of way for a street through the mortgaged property. • Appellee, whose mortgage had been duly recorded, had no notice of the proceeding at the end of which the city paid $1,000, the assessed value of the property taken, into the court whence it was delivered to the real estate company. That part of the property not taken was in the shape of a parallelogram (approximate) 423 feet long, 35 feet wide at one end, 10 feet at the other. Appellee's bill sought an injunction and, in the alternative, such other relief as might be appropriate. No injunction was issued, but the court, on final hearing, decreed that complainant, appellee, have and recover the sum of $1,000, and that, in the event defendant, appellant, failed to pay said sum into the registry of the court for the use and benefit of complainant, the cause be retained for such further orders and decrees as might be deemed necessary to enforce payment, but, in the event defendant paid the said sum into court, the complainant should credit the mortgagor with that sum.

The opinion here is that the chancellor correctly disposed of the controversy. Appellee's mortgage debt was not yet due, but his security was in process of serious impairment. That part of the property taken was being graded and paved for use as a street; the remainder was of such dimensions as to be worth little for any use to be anticipated in that neighborhood. The court in the exercise of its equity jurisdiction had the right, on the mortgagee's suggestion, to apportion the lien of his debt between that part of the property taken for public use as a street and the part not so taken. The right to condemn for public use could not be deferred, nor could the lien of appellee's mortgage be destroyed or its security impaired. Necessarily, therefore, the court of equity on appellee's prayer had authority for the purpose indicated to accelerate the due date of that proportion of the mortgage debt represented by that part of the property taken for public use and by decree devote the proceeds of it to the pro tanto payment of appellee's debt due from the mortgagor without impairing the mortgagee's lien for the remainder. Such a decree is beyond the power of a court of law; hence the equity of the bill. The decree, as far as it goes, is correct. Appellant cannot complain that it did not go further, for its fur-

ther provision would have been in the interest of appellee. The consequence in the way of loss, if any, to the municipality must be charged to its neglect in failing to make appellee a party to the proceeding to condemn as sections 7478 and 7479 of the Code very clearly provide.

 It is made to appear that the part of the mortgaged property not condemned to use as a part of the street is of little value. But, whether of much or little value, the lien of appellee's mortgage for the balance of his debt attaches to that part exclusively.

Of the rights of the owner, mortgagor, and appellant, as between themselves, nothing is here said for the reason that those rights are not in litigation.

The decree is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.