142 So. 657

**BELLENGER et al. v. MORAGNE et al.**

**7 Div. 133.**

Supreme Court of Alabama.
June 16, 1932.

Goodhue & Lusk, of Gadsden, for appellants.

228

·O. R. Hood, Roger Suttle, and M. C. Sivley, all of Gadsden, for appellees.

BROWN, J.

This appeal is from the decree of the circuit court, in equity, sustaining the demurrers of some of the respondents to the bill.

To state in brief the material allegations of the bill, during the years 1910, 1911, and 1912, the respondent city of Gadsden, in the exercise of its power to make local improvements and assess the cost thereof, to the extent of the benefits accruing to the abutting property from such improvements, made certain assessments against the lot in question, on which, at the filing of the bill, with accrued interest, there remained unpaid the sum of $3,300.

On October 1, 1928, Joe S. Moragne, who then owned an undivided $49/60$ interest in the lot, to secure an indebtedness then owed or contracted to W. C. Bellenger, amounting to something over $35,000, his wife joining therein, executed a mortgage to Bellenger on his undivided interest in said lot, and other property, with warranty against existing liens and incumbrances.

Pending this mortgage Moragne acquired the remaining $11/60$ undivided interest from the owners thereof, subject to the assessment liens held by the city of Gadsden, and died seised of the title to the entire lot, subject to the said mortgage and assessment liens.

Moragne defaulted in the payment of the mortgage executed to Bellenger, and after the death of Bellenger, the executors of his will foreclosed the mortgage and purchased the property covered by the mortgage, and in their representative capacity are the owners of said property.

The bill is one filed by the complainants as executors of the last will and testament of said W. C. Bellenger, against the city of Gadsden, Leila S. Moragne, as executrix of the will of Joe S. Moragne, deceased, and Leila S. Moragne as a devisee under said will, and others, and alleges in substance that the statutory lien in favor of the city of Gadsden arising out of said assessments for local improvements ·constituted a breach of the warranty incorporated in said mortgage, and complainants offering to do equity, seek to compel a sale of the $11/60$ interest belonging to the estate of Moragne in satisfaction and discharge of said assessment liens.

The demurrer takes the point, among others, that the bill is without equity. If this ground is well taken, the other grounds need not be considered.

The appellants' first contention is that in these circumstances, they are entitled to have the assets of a common debtor marshaled and the proceeds applied in discharge of the paramount liens of the city of Gadsden, in protection of the title conveyed by the mortgage executed to complainants' testator and its foreclosure.

The trouble we encounter here is that Moragne was not a common debtor of the city of Gadsden and the complainants' testator or his estate. The assessment for local improvements does not create a personal liability against the property owner, but merely becomes a charge against the specific property benefited by the local improvement, and to shift the burden of the assessment from the whole to part of the property would violate the letter of the statute and the spirit of the Constitution. Constitution 1901, § 223; Code 1923, § 2199; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45; Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A. L. R. 1264; Marshall v. C. S. Young Const. Co. et al., 94 Fla. 11, 113 So. 565, 55 A. L. R. 662; 25 R. C. L. 93, § 8; p. 174, § 87; 44 C. J. 481–483, § 2807.

The same principle prevents application of the equitable doctrine of subjecting property in the inverse order of alienation. That doctrine is clearly stated as follows: "The equity of a purchaser of a parcel as against his grantor, the owner of the tract subject to a lien, rests on the grounds that, where one who is *bound to pay a debt* confers on others rights in any portion of the property subject to the lien of the debt, retaining other portions himself, it is unjust that they should be deprived of their rights so long as he has property covered by the lien out of which the debt can be made. In other words, his debts should be paid out of his own estate, instead of being charged on the estates of his grantees." (Italics supplied.) 18 R. C. L. 472, § 21; Gray v. H. M. Loud, etc., Lumber Co., 128 Mich. 427, 87 N. W. 376, 54 L. R. A. 731; Relfe and Wife v. Bibb, 43 Ala. 519; Shields v. Hightower, 214 Ala. 608, 108 So. 525, 47 A. L. R. 506.

In Thorington v. City Council of Montgomery, 82 Ala. 591, 2 So. 513, the city of Montgomery not only had a lien, but the obligation upon which it rested was a debt for taxes for which Mrs. Winter was personally liable, and the property which the complainant claimed in that case had been purchased at a sale made by the city of Montgomery, and it had received from her the consideration of her purchase.

In the instant case, the complainants by the foreclosure of the mortgage in satisfaction of the mortgage debt, and becoming the purchasers thereat, liquidated the mortgage debt, leaving as the only basis of liability against Moragne or his estate, the breach of warranty—a demand not secured by a lien—for which an action at law affords an adequate and complete remedy.

We are therefore of opinion that the bill is without equity, and that the demurrer thereto was well sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.