157 So. 64

## CITY OF BIRMINGHAM v. EMOND.
### 6 Div. 355.

Supreme Court of Alabama.
May 17, 1934.

Rehearing Granted Oct. 4, 1934.

Further Rehearing Denied Nov. 1, 1934.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellee.

W. J. Wynn, J. H. Willis, and T. A. Mc-Farland, all of Birmingham, for appellant.

THOMAS, Justice.

The appeal is on the merits and petition or motion for writ of mandamus.

The judgment rendered by the trial court was under section 2210 of the Code, as amended by the act of 1927 (Acts 1927, pp. 753, 768, § 39) at the instance of a party in interest and not the city.

The judgment recited: "* * * it appearing to the Court on the hearing of this cause on appeal, both from the pleading and proof before the Court, that the assessment involved in this appeal was not properly made by the Commission of the City of Birmingham, plaintiff in this case, in so far as it concerns that parcel of land included therein and owned by the defendant as mortgagee *and alone involved in this appeal, by reason*

*of a technical irregularity or defect in said assessment proceedings in this:* That the whole assessment so made and fixed is a joint assessment against Mutual R. E. Co., Inc., and the defendant R. L. Emond, whereas, *the defendant R. L. Emond had at the time of said assessment no right, title or interest in and to that parcel of land so assessed other than that part thereof which is alone involved in this suit,* which defendant then owned as duly recorded mortgagee given as security for the balance of the purchase price owing to him from said Mutual R. E. Co. Inc.; *and proof being made to the Court by the plaintiff that it has incurred an expense in improving the street alleged in said assessment proceedings, which is a proper charge against defendant's said parcel of land;* and, it appearing to the satisfaction of the Court that the verdict of the jury returned in this case found the *increased value of the whole parcel of land so assessed by the plaintiff's City Commission by reason of the special benefits derived from such improvements to be the sum of $1325.11, without ascertaining such increased value to defendant's said parcel of land alone;* and the defendant having moved the Court for a judgment assessing and fixing against his said parcel of land alone involved in this suit its proportionate part of the amount of the increased value so recited in the verdict of the jury as the area of defendant's said land bears to the area of the whole parcel of land so assessed by the plaintiff's City Commission, and it appearing to the Court that such ratio is 22.2% to 77.8%, whereupon, it is ordered and adjudged by the Court that the defendant's said motion for proportionate assessment be, and the same is hereby granted and that judgment be and the same is hereby rendered by the Court under authority of section 2210 of the Code of Alabama of 1923 as amended by Gen. Acts of Alabama of 1927, pp. 753, 768, § 39, for the plaintiff and against defendant's said parcel of land involved in this suit for the sum of Two Hundred Ninety Four & 17/100 ($294.17) Dollars as the amount properly chargeable *against defendant's said parcel of land as the amount of the increased value of said land by reason of the special benefits derived to it alone from said street improvements,*" describing the strip of land adjacent to and on the north side of Fortieth street, Ensley. The description of the strip of land employed in the judgment corresponds to the map in evidence. (Italics supplied.)

The petition for mandamus is presented on the supposed right of the city to other relief shown by the record, and under the line of decisions from Ex parte Tower Manufactur-

ing Co., 103 Ala. 415, 15 So. 836, to Ex parte Green, Superintendent of Banks, 221 Ala. 298, 129 So. 72; Ex parte Cullinan, 224 Ala. 263, 139 So. 255, 81 A. L. R. 160.

When the trial was had, there was pending appellee's motion to transfer the cause to the equity docket of the court. The city entered therein with the knowledge of all the facts, and (1) impliedly consented for the court to proceed to judgment rendered; (2) resisted the defendant's motion to quash the purported assessment as to the Emond lot; (3) moved the court to dismiss the appeal of Emond because it did not cover the whole assessment and other lot; (4) and by resisting defendant's motion for a judgment notwithstanding the verdict rendered.

The right of a court with jurisdiction to render the proper judgment notwithstanding the verdict in a proper case is recognized by the courts; and in this case, responding to defendant's motion, entered the proper judgment against defendant-appellee's land warranted by the evidence and proportional to the ascertainment of the jury of special benefits accruing by reason of expenditures and public improvements made and incurred thereon by the city.

The statutes, sections 2196, 2204, as amended by the Code of 1928 (Acts 1927, pp. 752, 765, 767, §§ 25, 33), gave the owner of any interest in land, and any person aggrieved by the assessment proposed or made against the property, the right of protest and objection, to make defense, and to appeal to the circuit or this court from adverse judgment and decision.

As indicating a class of persons in interest, or who may be aggrieved by the assessment and judgment, this vendor-mortgagee (Emond), in his litigation with the city as to this lot and his interest therein, in the latter's successful effort for condemnation for street and this improvement, held an owner or necessary party in interest (sections 7478, 7479, Code); and that his mortgage still existed on the lands not condemned was the subject of decision in City of Birmingham. v. Emond, 223 Ala. 20, 134 So. 622.

■ It follows, and we so hold, that under sections 2196 and 2204 of the Code, appellee had an interest in the lands that were affected and concluded by the instant proceeding, improvements made, and assessments and lien to be declared protected by the judgment; and authorized him as the owner or party with that interest as that he properly litigated in this case. Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68;

Posey v. Dodson, 211 Ala. 335, 100 So. 488; Stanley v. Johnson, 113 Ala. 344, 21 So. 823; State Bank of Elberta v. Peterson, 226 Ala. 13, 145 So. 154; Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12; Glass v. Tisdale, 106 Ala. 581, 19 So. 70; Page & Jones on Taxation By Assessment, §§ 915, 1348.

In the trial the court correctly instructed the jury that appellee Emond was a proper party in interest to protest against the assessment; that the city commission overruled his plea or protest, "and Mr. Emond saw fit to appeal his case to the Circuit Court and to demand a trial by jury in this proceedings, as to whether or not his property received any special benefits by reason of the improvement that was made by the City of Birmingham. * * * Now, it is the contention of Mr. Emond that his property should not be assessed with the cost of improving the whole parcel of property within those heavy lines there. Well, this is not a proceeding against Mr. Emond. This is a proceeding against that property embraced within those heavy lines there; and the thing for you to decide in this case is whether or not that property described as I have read to you, embraced within those heavy lines there shown upon the blackboard, whether or not that property was benefited by reason of any special benefits that accrued by reason of the improvements that were made out there."

It is established that under the statute, section 2174, Code, as amended by Acts 1927, p. 754, § 3, the required assessments are to be made against the property abutting on said street or other public place so improved and increased in value by reason of the special benefits derived from said improvements; and this is the test, though one person may own several adjacent lots, etc. The statute contemplates a separate assessment against each "lot or parcel." Section 2190, Code, as amended by Acts 1927, p. 764, § 19; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509; Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870; Montgomery, Superintendent of Banks, v. City of Florence, 226 Ala. 341, 146 So. 882; Goodman v. City of Birmingham, 223 Ala. 199, 135 So. 336.

Here, the material fact of ownership was in different parties, and no common interest or ownership existed; and that fact made known to the court, and objection thereto, should not have been assessed as one lot or parcel of land. Sections 2190, 2193, 2196, Code, as amended by Acts 1927, pp. 764, 765, §§ 19, 22, 25. Failing therein, Emond prosecuted his appeals, as we have indicated.

The whole tract—consisting of two interests—was assessed by the city commission for $2,650.22; by the return and verdict was fixed at $1,325.00; and thereafter the court rendered judgment of apportionment as against the Emond lot at $294.17. We have indicated that the other party at interest does not complain of this apportionment, and only the city and Emond complain by respective assignments of error.

■ Such unjust result indicated in the several assessments and findings as to Emond's land should not have been allowed to stand under the Constitution (section 223) and the statute having application, which are to be considered in pari materia. Bellenger v. Moragne, 225 Ala. 227, 142 So. 657; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467.

■ The trial court availed of the wise offices of section 2210 of the Code, as applied in Hamrick v. Town of Albertville, supra, and the scope and purpose of the Constitution and the statutes as one system to a just and proper assessment against the separate lot or parcel of land, and properly apportioned the assessment, as shown by the evidence before the court, and entered judgment against appellee's land for $294.17. Thus was the irregularity disregarded and the just amount awarded against the Emond lot. The owner of the other lot not complaining, the total amount of the city's lien and judgment is for $1,325.11, per the return and verdict of the jury. Under the peculiar facts of this case, the apportionment by the court was supported by the evidence, the return of the engineer, and the test of value as to Emond's lot, its difference in value before and after the completion of that municipal project. Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87.

The function of the jury was to respond by verdict under the issues as submitted and the evidence duly admitted for consideration. This being done, it was the duty of the court to render the judgment fixing the assessment and declaring the lien on the specific property by reason of the special benefits derived and accrued thereto. Cabaniss v. City of Huntsville, 217 Ala. 678, 117 So. 316; Cardwell v. City of Dothan, 221 Ala. 412, 128 So. 794; City of Birmingham v. Hudson, 222

Ala. 332, 132 So. 1; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827.

In the instruction by the trial court, in response to the question by the juror, there was error in referring the special benefit to the whole tract and in not limiting it to the Emond tract. This was error of which Emond and the owner of the other lot may complain. The other owner makes no complaint; Emond does not insist upon this error if the judgment of apportionment, as the evidence shows was just and right, be allowed to stand.

No substantial right of the city has been injuriously affected by the judgment rendered by the court on the verdict and under the evidence. And in so far as the city is concerned, the judgment is affirmed; and the appeal and relief sought by mandamus is denied.

The cross-assignments of error of appellee are held for naught, having "waived all his rights in the premises," and consented that "the judgment be affirmed."

It follows that appellant's petition for writ of mandamus be and is denied; its appeal and assignment of errors do not avail for reversal; and the judgment as to it is affirmed and the costs of appeal are adjudged against the city. Section 2209, Code, as amended by Acts 1927, p. 768, § 38; City of Decatur v. Polytinsky, 221 Ala. 540, 130 So. 66. The cross-assignments of error of appellee being waived, the judgment of the trial court as to Emond is affirmed.

Affirmed; mandamus denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

## On Rehearing.

THOMAS, Justice.

At the time the public improvement in this case was initiated and begun, the entire parcel of land involved in this litigation was owned by the Mutual Real Estate Company. At the time of the assessment, this parcel, in its original status of ownership, was of an irregular shape, abutting on the 40-foot street (as laid out and opened by the city, the street improved) for a distance of about or over 460 feet. This parcel of land was subject to two mortgages. One covering a strip extending the entire length (over 460 feet) and abutting the street improved, and extending back therefrom about 36 feet at its eastern side and boundary, and about 11 feet at its western boundary. The other mortgage covered the remaining portion of the lot, a regular parallelogram—350 feet by 150 feet—no part of which abutted said street. Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87, 92.

We have indicated in the original opinion that the improvement was made pursuant to statute, and the assessment was levied against the abutting property or parcel of land *pursuant to its then status*, and the tract or parcel here involved being assessed as a unit as provided by the statute here indicated. The fact that the owner, Mutual Real Estate Company, had incumbered that tract by two separate mortgages, or moieties thereof, did not change its status as one lot or parcel of land to be affected by the improvement to be made under one ownership.

We now think and hold that section 2190 of the Code, as amended by Gen. Acts 1927, p. 764, § 19 (Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87; City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900; Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509), which contemplates and provides that an assessment be made in the name of the *owner* of each lot or parcel of land to be affected by the improvement, means the *general owner* (Ex parte State [State v. White Furniture Co.] 206 Ala. 575, 90 So. 896; Lowery v. Louisville & N. R. Co., 228 Ala. 137, 153 So. 467), and not, as contended here, a mortgagee.

When an assessment is finally made and fixed, as provided by statute, against each lot or parcel of land described in the assessment roll, it constitutes a lien against each such lot or parcel. Code, § 2190, as amended by Gen. Acts 1927, p. 766, § 28; Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827. And such is the case and legal effect in the instant assessment.

The assessment made under the statute is, or becomes, a lien or charge *against the land;* and such lien or charge may be made the basis of a judgment in rem against that specific parcel of land, and not a judgment in personam against the owner or one having an interest in the land. Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87, 91, and authorities; Bellenger v. Moragne, 225 Ala. 227, 142 So. 657.

It is true that section 2196, Code, as amended by Gen. Acts 1927, p. 765, § 25, gives the right of protest for the protection of owners of an interest in lands so to be improved under the applicable statutes, yet it does not affect the jurisdiction to proceed

and assess as granted and fixed by sections 2190 and 2199 of the Code, as amended by Gen. Acts 1927, pp. 764, 766, §§ 19, 28.

The fact that one of the original mortgagees, Emond, appeared under the provisions of the statute and protested the assessment made, and on adverse decision appealed to the circuit court and to this court, did not cause or authorize the splitting of the original amount of the assessment made and sanctioned by the verdict rendered; nor did this action by such party in interest warrant the rendition of judgment entered. Except for its inclusion as a part of the entire tract, that portion of the land under mortgage to the Atlantic Land Company would not be subject (under the statute) to the assessment as made, being separate from the tract subject to the Emond mortgage, which is adjacent to the street improved. Such assessments for street improvements are limited to property abutting the street improved. Hamrick v. Town of Albertville, 219 Ala. 465, 471, 122 So. 448, and authorities; Goodman v. City of Birmingham, 223 Ala. 199, 135 So. 336.

This is not a proper case for the application of section 2210 of the Code, as amended by Gen. Acts 1927, p. 768, § 39, as was declared on the original hearing. In this respect that judgment is modified or reversed. That is to say, the verdict of the jury (the result of Emond's effort as an interested party or mortgagee) was not an erroneous reduction of the assessment made, yet it was a single verdict, assessing the whole amount ascertained and declared by the jury to the whole of the original lot. All parties in interest had the right of such ascertainment and declaration by the jury and judgment entered pursuant thereto and in like amount —to the amount and extent to which that entire lot or parcel of land was specially benefited as provided for by statute and our decisions—against the whole parcel and not separate parcels evidenced by the two mortgages respectively placed thereon by the owner.

The judgment of the circuit court, in failing to follow and adjudge as authorized by the verdict, was in error, in undertaking to apportion the amount of the assessment as fixed by the jury, to the separate tracts as mortgaged by the owners.

The matter of apportionment between the two mortgagees is aside from the interest of appellant city. This apportionment is one for adjustment between the parties in interest in a separate and appropriate proceeding to that end.

It results that the application for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the circuit court is reversed and one here rendered fixing the amount of the assessment in agreement with the verdict of the jury against the property as a whole.

We adhere to the ruling on the original hearing, that no error intervened by the rulings in appellee's cross-assignments of error.

Rehearing granted; reversed and rendered on direct appeal of the city.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.