158 So. 751

## UNITED STATES BOND & MORTGAGE CO. v. CITY OF BIRMINGHAM.

### 6 Div. 673.

Supreme Court of Alabama.

Jan. 17, 1935.

Beddow, Ray & Jones, of Birmingham, for appellant.

W. J. Wynn and Leigh M. Clark, both of Birmingham, for appellee.

THOMAS, Justice.

This is a suit by the city of Birmingham for lands purchased at its sale to enforce a lien for assessments for public improvements against abutting lands specifically described.

There was an agreed statement of facts incorporated in the bill of exceptions, containing the provision to be referred to, infra; and likewise the grade and improvement ordinances, the respective resolutions thereof of the City Commission, the notices ordered and given to contractors and respective property owners of the proposed improvements, the nature and character thereof, assessment rolls and profiles embracing this property, the judgments or respective assessments made pursuant to foregoing proceedings for such public improvements, and assessment and judgment as affecting the land in question, are duly presented by the bill of exceptions.

The concrete question for decision is thus declared in the agreement of counsel: "This agreement is made by the parties to the end that the Court may rule upon the proposition of law as to whether or not an assessment, made against the owner of the equity of redemption after the filing and recording of mortgages to a third party, the third party having no notice of said assessment for public improvements, becomes a lien upon the interest of the third party prior and superior to its mortgages."

▓▓ The decisions of City of Birmingham v. Emond (Ala. Sup.) 157 So. 64,¹ City of Birmingham v. Terrell, as Ex'x (Ala. Sup.) 158 So. 748,² and the announcements as to notice contained in Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301, and those touching property liability declared in Bellenger et al. v. Moragne et al., 225 Ala. 227, 229, 142 So. 657, Dothan Nat. Bank v. Hollis, 212 Ala. 628, 103 So. 589, and Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325, are decisive of this appeal. That is, a purchaser of real property, sold to satisfy a judgment lien for municipal improvement assessment acquired and impressed by the municipality under the provisions of the statute (sections 2173, 2174, Code), acquires a title superior to that of a mortgagee holding his lien against that property. The assessment here made was against the property, and indicated as its owner the owner as of the time the assessment was made and the person in whose name the property was last assessed for taxes, which is sufficient. Gen. Acts 1927, p. 764, § 20, amending section 2191 of the Code. Thus it is indicated by the statute, as amended, that it was not of legislative contemplation that a mortgagee, having a lien on lands to be so improved, should be listed on the assessment roll as an owner of the property. This accords with the holding that, as mortgagee, he is a party in interest who has a legal right to appear and protest his interest or contest the right and amount of the assessment [City of Birmingham v. Emond (Ala. Sup.) 157 So. 64 ¹], though not the general owner, as was provided in other sections of the statute for notice.

The case of Pierce v. City of Huntsville, 185 Ala. 490, 499, 500, 64 So. 301, 304, has this to say of the sufficiency of the notice provided to be given under the statute: "Proceedings of this sort under review, though differing in some material respects from ordinary proceedings for the levy and collection of taxes, have root in the sovereign taxing power of the state. They must be so contrived and administered as to reach all property owners alike. If personal notice may be dispensed in one case it may in another. The theory on which constructive service is permitted in such cases is that no owner can hold his property exempt from the liabilities, duties, and obligations which the state has a right to impose because he may not be reached by personal process. 'In such cases some substantial form of notice has always been held to be a sufficient warning to the owner of the proceedings which are being taken under the authority of the state to subject his property to those demands and obligations. Otherwise the burdens of taxation and the liability of such property to be taken under the power of eminent domain, would be useless in regard to a very large amount of property in every state of the Union.' 5 Ency. U. S. S. C. Repts. 651. Publication in a reasonable manner is a general public notice, which the law presumes will reach the cognizance of the owner to be affected, and is due process. The necessity for proceeding on such notice and its secure foundation in the principles of justice are too well established to be now questioned. Id."

▓ Thus, under the decisions, it is held that the requisites of due process were accorded as to notice, if given by publication as pro-

---

538

vided for a levy, or the contemplation thereof, of a special assessment for street improvements. When that notice is given, as provided, in a reasonable manner, it is the general and public notice required, and the law presumes that it will reach the cognizance of the owner or parties in interest to be affected by such act, assessment, and lien against the specific parcel or lot of land. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209; L. R. A. 1916E, 44, 46, Note.

The specific requirements of notice contained in the amended statute are: "That Section 2178 of the Code be amended so as to read as follows: Section 2178. Publication of Ordinance or Resolution: said ordinance or resolution must be published once a week for two consecutive weeks in some newspaper published in said city or town, and if no newspaper is published therein, it may be published either in a newspaper of general circulation in said municipality, or by posting for two weeks in three public places, in such city or town. A copy of said ordinance or resolution shall also be sent, by registered mail, postage prepaid, to the persons last assessing for city or town taxation, the property which may be assessed for said improvements, at their last known addresses, said notices to be so mailed not less than ten days before the meeting of the city council or other governing body provided for in the next succeeding section. The failure of any official charged with the duty of sending such notice, or the failure of any owner of property to receive such notice, if sent by Registered mail as hereinabove provided, shall not invalidate or in any wise affect any assessment made under the provisions of this Code." Gen. Acts 1927, p. 759, § 7.

There is no provision here for lienholder's notice.

■ It is insisted by appellant that the provisions of section 2220 of the Code, as amended by Gen. Acts 1927, pp. 753, 771, § 49, limit the right, title, and interest of the party against whose property the assessment was made and which may be sold; and that they did not extend to the rights of a mortgagee or other lienholder. This statute will be construed in pari materia with the whole system of which it is a material part, and with sections 7, 49, 50, and 51 of the statute as amended and to be considered. Gen. Acts 1927, p. 753 et seq. And when so considered, it will be taken with the common knowledge that mortgages exist and extend to many urban lots or parcels of real property.

If it be held in this case, as insisted, that only the right, title, and interest of the party against whom the assessment was made is to be affected (and not the interest or lien of a mortgagee), such a holding would prevent the municipality from proceeding with the assessment of mortgaged property for public improvements, without notice to or the presence of a mortgagee or lienholder as a general owner. This insistence is contrary to the holding or analogy contained in City of Birmingham v. Emond (Ala. Sup.) 157 So. 64,[1] though the provisions of section 2220 of the Code as amended (Gen. Acts 1927, p. 771, § 49) were not specifically declared.

■ In all the decisions of the character before us are the declarations that such procedure to assessment is against the property, and not personal in liability for the lien to be declared and enforced by the judgment rendered. Hamrick v. Town of Albertville, 228 Ala. 666, 155 So. 87. It is the property of the general owner that is being subjected by the procedure required by statute, after the published notices required are given. Statutory requirements being observed and done, the other liens and mortgages on the lot or parcel of land are likewise affected by the conveyance to be made to the purchaser, as provided in the amended statute, Gen. Acts 1927, p. 759, § 7; p. 771, §§ 49–51.

■ When the context of the amended statute providing for conveyance to the purchaser, "all the right, title, and interest which the party against whose property the assessment was made, had or held in said property at the date of making such assessment, or on the date of making such sale" (Gen. Acts 1927, p. 771, § 49), is considered, as it will be, with the statute for redemption by the owner, his assigns, or other person authorized to redeem property sold for taxes by the state (page 771, § 50), the further provisions contained in section 51 (page 771), "No mistake in said publication in the description of the property, or in the name of the owner, shall vitiate the assessment or the lien, and if, for any reason, the sale made by the City or town be ineffectual to pass title, it shall operate as an assignment of the lien, and upon the request of the purchaser, supplementary proceedings of the same general character as herein required may be had to correct the errors in said proceedings for his benefit, or the lien so assigned to him may be enforced in equity," and the provisions for notice in section 7 (page 759, Gen. Acts 1927), it is evi-

---

[1] Ante, p. 346.

dent that the legislative intent was that mortgagees and other lienholders of mere liens were notified by the statutory proceeding taken in the enforcement of the city's lien and of its foreclosure by sale, its purchase and conveyance as provided by statute.

The judgment of the circuit court is in accord with the views we here express and is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.