(119 So. 226)

**PEOPLES v. STATE SECURITY BANK.**
(4 Div. 376.)

Supreme Court of Alabama.   Dec. 20, 1928.

O. S. Lewis, of Dothan, for appellee.

BOULDIN, J. The bill was filed by the holder of municipal improvement bonds of the town of Opp. The purpose of the bill is to enforce the statutory lien for collection of local assessments for sanitary sewers upon which the bonds were issued.

There was decree for complainant, and respondent, the property owner, appeals.

The defense, in the main, goes to the existence of a lien; involves a collateral attack upon the proceedings leading to and effectuating an assessment.

■ Improvement ordinances in due form, notice and hearing upon the advisability of undertaking the improvement according to plans, specifications, maps, and profiles approved by the council, letting contract, completion and acceptance of the improvement, all sufficiently appear of record. These proceedings down to the making of an assessment roll are not challenged. Jurisdiction of the subject-matter to proceed with the judicial function of making assessments thus appears. That an assessment roll was prepared, notice and hearing thereon given, and the assessments made final also appear of record. No objection was interposed by the property owner here involved, nor appeal taken.

■ The assessment therefore has all the effect of a consent judgment under our law. Only matters rendering the judgment void, and not subject to waiver by the property owner, are now available to him.

The assessment is shown upon the assessment roll (rearranged for ready inspection) as follows:

| Name. | Lots. | Block. | Street. | Assessment. |
|---|---|---|---|---|
| Peoples J. E. | 18 to 20 | 34 | Park Avenue | $63.24 |
| Peoples J. E. | 5 to 6 | 25 | Ida Avenue | $34.00 |

It appears in pleading and proof that the lot and block numbers are according to a map made by the engineers of J. B. McCrary Company, the contractor, and labeled, "Assessment Map of Opp, Alabama, for Sanitary Sewers."

Appellant complains that this is in violation of Code, § 2207, requiring the property described according to a map in common use, if there be such map. It appears there was a map in common use, and the assessment map did not follow same in numbering the blocks.

The law contemplates maps and profiles of municipal improvements as part of the records for inspection of property owners in the several hearings. In case of sewers such map may furnish the data on which the notice required by Section 2194 may be properly given. It appears a preliminary map was filed before the final improvement ordinance. The "assessment map" was made thereafter and was used in construction work and in making assessments.

This assessment map shows not only the layout of the sewer system, but gives the names of streets, the numbers of blocks and lots. The name of each property owner is written upon his lot.

■ We see no good reason to say the city authorities are without authority to adopt or use such map. On the contrary, it is entirely in keeping with the general scheme of local assessments that all the data relating to the assessment, who is due to pay it, and the property subject thereto, should appear in the municipal records without resort to outside means of identification. In making such map, the plat laying out and dedicating streets and numbering lots and blocks should be followed if available. The statute so intends for obvious reasons. But, as in many other provisions, this requirement is directory. When the landowner consents to a different description, if sufficient to identify the property, he is estopped to 'set up a departure from the statute in this regard. If objection thereto was made as provided by law, and appeal taken, the circuit court under the statute would have full authority to make the description con-

form to the directions of the statute. In the recent case of Cabaniss v. City of Huntsville, 217 Ala. 678, 117 So. 316, it was declared the city clerk, in preparing the transcript for appeal, is without power to amend the assessment proceedings in matters of description, and struck out the amended description because not sustained by the evidence, and not for want of authority in the circuit court to render a proper assessment decree.

The original assessment roll has been lost by fire. Whether it contained any reference to the assessment map does not appear. Without question this map was used in making the assessment, and the map identifies itself with the assessment appearing on the assessment roll.

■ Complaint is made that the map does not show the dimensions of lots, the bearing of lines, nor the scale on which it is drawn. It shows established streets outlining each block. By measurements on the ground the scale as well as the bearing of lines can be readily ascertained, and so the size and boundaries of the lots. That is certain which may be made certain. As to block 25 the map shows the owner of adjoining lots. A description showing all boundaries, streets and adjoining owners, is sufficient.

We conclude the insistence that the assessment is void for insufficient description is without merit. Cabaniss v. City of Huntsville, supra, and cases cited.

■ The assessment is further challenged because several adjacent lots are assessed in gross. The statute contemplates a separate assessment against each "lot or parcel." Code, § 2190; Decatur Land Co. v. New Decatur, 198 Ala. 293, 73 So. 509; City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900.

The reason for this requirement is obvious. Unless it appears the property has been so improved as to constitute it one lot or parcel for purposes of conveyance or removing liens therefrom, a failure to so assess is such irregularity as will lead to a reversal of a decree of the circuit court. Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870.

This provision, being for the benefit of the property owner, he may waive, and does waive by a consent judgment rendered for want of objections. Such is the effect of the Wilson Case, supra. In no case is such error fatal on collateral attack.

The general policy of our statutes, of much importance in cases involving the rights of bondholders resting alone upon assessments for security, has been recently and fully considered. Cabaniss v. City of Huntsville, 217 Ala. 678, 117 So. 316; City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Bradford v. City of Huntsville, 215 Ala. 591, 112 So. 200; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Day v. City of Montgomery, 207 Ala. 644, 93 So. 609; Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

■ Improvement bonds issued after completion of the improvement under Code, § 2224, are not limited to amount of assessments wherein the property owner has elected to pay in installments under section 2216. The bonds are to be in such "amount as may be necessary * * * to pay the cost of the improvement," less amounts paid on assessments up to time of issuance. They are not to be issued until after assessments become delinquent, or there is an election to pay by installments, viz., after 30 days from making assessments final. Other provisions look to retirement of bonds as funds come in. Sections 2225 and 2226.

■ The bonds may carry the lien of the assessments. As to cities of 6,000 or less the assessments and liens are the only security. Code, § 2227.

■ Suits for the enforcement of local assessment liens are not barred by the statute of limitation of six years. Bradford v. City of Huntsville, 215 Ala. 591, 112 So. 200.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.