146 So. 882

MONTGOMERY, Superintendent of Banks, v. CITY OF FLORENCE.

8 Div. 479.

Supreme Court of Alabama.

March 23, 1933.

Bradshaw & Barnett, of Florence, for appellant.

W. H. Mitchell, of Florence, for appellee.

FOSTER, Justice.

This is a bill in equity to enforce the statutory right of redemption of property sold by virtue of section 2217, Code (as amended by Gen. Laws 1927, p. 770), for the failure to pay an assessment for street improvement under article 33, chapter 43, sections 2174–2237, Code (as amended by Gen. Laws 1927, pp. 754–773). The right of redemption is secured by section 2221 (as amended) and section 2143, Code. The bill shows that lots 6, 8, 9, 10, and 12, block 472, and south half of lot 1, block 484, in Florence, were included in a single assessment for such improvement, and it was made to one person as owner; that said lots were all the same size and adjoin consecutively; that each was enhanced in value by reason of the improvement in the same proportion as every other; that upon default there was a single sale of them all, bought in by the city for a single sum.

Complaint alleges that it has acquired one of the lots, and seeks to redeem that one (lot No. 6) by paying a proportionate share of the total sum necessary to redeem. Authority to redeem one lot, and not all of them, and to pay only the proportionate amount necessary to redeem all, is claimed under section 3112, Code. That section makes such provision for a redemption from tax sale under one decree. But the succeeding sections show how it is to be done, through the probate office with the approval of the auditor, etc. Whereas sections 2221 and 2143, here applicable, do not contain or refer to provisions similar to those in section 3112 et seq. But we do not think it important here definitely to make a holding in that respect. For, assuming that section 3112 et seq. is pertinent here, and that chancery court is sufficiently elastic to provide the machinery equal in effect to those provisions, we think appellant is not entitled to the redemption as sought.

Appellant claims that the assessment should have been made separately in respect to each lot (section 2190, Code, as amended by Gen. Laws 1927, p. 764), and that he should have the same separate right of redemption as though the city had complied with that section, and cannot defeat a redemption of each separate lot by its own breach of duty.

But the fact that the property is described by reference to lot numbers in a certain survey is not conclusive that the tract described by the several lot numbers is not one "lot or parcel" within the contemplation of section 2190 (as amended) or 3112. The single owner of them, all adjoining, could very well combine them all "as one lot or parcel" for his own purposes. Taken all together as a single parcel, he may conclude that they are more valuable for sale or improvement than if they each were sold or improved separately. This is his privilege, if he so desires. The several lot numbers would then describe but one lot or parcel. Those numbers are only descriptive of the property, and, while they may prima facie indicate separate parcels, it is not necessarily so. The question is affected by the conditions, but more particularly, we think, by the will and decision of their owner. The city authorities in making the assessment treated them all as one lot or parcel, and against it a single assessment was made.

The property owner is not shown to have objected to such arrangement, and the assessment in that form was made final. He has never made complaint of it, and does not now. If he had objected, he could have shown that they were not one lot or parcel, and have had a separate assessment as to each according as it had been specially benefited. Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226.

But the provision of section 2190 (as amended by Gen. Laws 1927, p. 764) is for the benefit of the property owner, and, by his failure to contest the assessment, it is an effectual adjudication that they all constitute one lot or parcel, for the purpose of such assessment and that section 2190, Code, as amended, has been complied with. Peoples v. State Security Bank, supra. Therefore distinct lots or parcels of land are not shown to have been included in one assessment, and sold under one decree, as contemplated by section 3112, Code, if we should hold that it is pertinent. Section 2143, Code, and section 2221 (as amended), Code.

Complainant acquired one of the lots after the assessment and before the sale. He therefore occupies no better position than the one who owned it at the time of such final assessment, which fixed their status as one parcel.

There is no other question on this appeal which is insisted upon. The decree of the circuit court was consistent with our views, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.