158 So. 748

## CITY OF BIRMINGHAM v. TERRELL.

### 6 Div. 543.

Supreme Court of Alabama.

Jan. 17, 1935.

W. J. Wynn and Jas. H. Willis, both of Birmingham, for appellant.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

**THOMAS, Justice.**

This is a bill by a property holder against the city of Birmingham to remove a paving assessment lien as a cloud upon the title to real property.

The cause was tried upon an agreed statement of facts, and resulted in a decree to the effect that said plat lots 11 and 12 lying within one-half block of the intersection of Nineteenth street and Avenue U were liable for their due proportion of intersection paving costs under section 2187 of the Code (as amended by Gen. Acts 1927, p. 762, § 16), but that these lots were improperly included as a part of the larger area abutting Nineteenth street, and were not subject to an improvement lien "as a part of such larger area for such larger area's proportion of either general or intersection paving costs." That is to say, the decree adjudged an "intersectional charge" of $32.96 upon each of the plat lots, and declared void the city's assessment for general and intersection paving costs; said real estate being "not subject to nor liable for the assessment imposed on it under the said improvement ordinance under Pro No. D-64393," except to the extent of intersectional charge above stated.

In so far as concerns the res and its identity, the only requisites to the jurisdiction of a municipality to assess for street improvements a contiguous area or parcel are that such area shall be within one general ownership to which the assessment is made, and shall have a boundary coincident with the boundary of the street to be improved. City of Birmingham v. Emond (Ala. Sup.) 157 So. 64; [1] Montgomery, Superintendent of Banks, v. City of Florence, 226 Ala. 340, 146 So. 882; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226. And the dividing by survey of the area into lines (as of lots), or delineations made by descriptions contained in mortgages, do not deprive the municipality of the right to assess the parcel of land as a single abutting tract of land; the owner not making due protest as provided for by statute. Sections 2179, 2196, Code (as amended by Gen. Acts 1927, pp. 759, 765, §§ 8, 25); Montgomery, Superintendent of Banks v. City of Florence, supra.

The theory of appellee is that equity will enjoin enforcement, and will vacate a void assessment casting a cloud upon the title; no adequate remedy at law appearing. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Cardwell et al. v. City of Dothan et al., 221 Ala. 142, 128 So. 794; Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195; City of Bessemer v. Schanz, 226 Ala. 573, 148 So. 131. It has been declared that relief will be granted by vacation or enjoining enforcement of a paving assessment when the required proceedings under the statute are not taken and that have not the effect to fasten a lien on real property, the view being entertained that the remedy at law is inadequate to remove such a cloud from the title. City of Jasper et al. v. Sanders, 226 Ala. 84, 145 So. 827; May v. Granger et al., 224 Ala. 208, 139 So. 569; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14; Jones et al. v. Lacey, 220 Ala. 390, 125 So. 635.

We may observe that the jurisdictional facts required to affect that subject-matter in the attempt to improve by such assessments are recently catalogued in Byars et al. v. Town of Boaz et al. (Ala. Sup.) 155 So. 383; [2] Nashville, C. & St. L. Ry. Co. v. Boaz et al. (Ala. Sup.) 155 So. 536; [3] City of Jasper et al. v. Sanders, supra; First Nat. Bank of Dothan v. Fountain Motor Co. et al., 227 Ala. 133, 148 So. 817.

It is further established that the failure of the owner to "object" or make "defense" under the statute to the proposed assessment, or that made by duly constituted municipal authorities, will prevent a successful challenge of the facts entering into such action and judgment; and such failure, under the statute, is to be held "as a con-

[1] Ante, p. 346.
[2] Ante, p. 22.
[3] Ante, p. 155.

sent to the assessment," and such assessment cannot be collaterally assailed. Gen. Acts 1927, pp. 753, 765, § 25, amending section 2196, Code; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851; Ex parte Gudenrath (City of Huntsville v. Gudenrath), 194 Ala. 568, 69 So. 629; Armstrong, City Comptroller, et al. v. Williamson & Wilson et al., 220 Ala. 415, 125 So. 681; Goodman et al. v. City of Birmingham, 223 Ala. 199, 200, 135 So. 336. That is to say, that where the proceedings to such action and judgment are regular on the face of the municipal record thereof, the property owner is estopped (by proceedings so evidenced as being pursuant to statute) from relitigating such questions as notice, liability, assessable benefits, and the amount thereof, in a bill to quiet title. City of Mobile v. Smith, supra; City of Birmingham et al. v. Seaboard Air Line R. Co., 227 Ala. 77, 85, 148 So. 425; Nashville, C. & St. L. Ry. Co. v. Town of Boaz et al., 226 Ala. 441, 147 So. 195; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

■ It follows, from these decisions, that the failure of the owner of a parcel of land to duly contest an assessment on or against that parcel of land assessed to the owner (as indicated by the statute and our construction thereof), rather than as that against each lot as may have been subdivided by that owner and held by him when the assessment is made, is an effectual adjudication, by the duly constituted municipal authority, that with the consent of the owner the land so affected constituted but one parcel within the statute as amended and construed. Gen. Acts 1927, pp. 753, 765, § 25; Montgomery, Superintendent of Banks, v. City of Florence, 226 Ala. 340, 146 So. 882; Jasper Land Co. v. City of Jasper, 220 Ala. 637, 127 So. 210; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870.

■ The decree of the circuit court is contrary to the construction given in Montgomery, Superintendent of Banks, v. City of Florence, supra, to the effect that an abutting parcel consists of all of a contiguous area of land in and under one general ownership and which has a boundary coincident with a boundary of the improved street; and no due objection being made by the owner and timely invocation to apportioned assessments against the lots, it is immaterial that such parcel of land be subdivided into lots or areas that may be subject to one or more mortgages to one or different mortgagees. City of Birmingham v. Emond, ante, p. 346, 157 So. 64.

■ It must be observed, as was conceded by counsel, that if appropriate action, objection, or protest be made and reserved to such assessment in parcel rather than by the several lots of the survey held by the one owner, an abuse of the power of such assessment in gross or parcels, rather than against the lots of the survey, would be corrected on appeal after due protest. In Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226, 228, is the declaration that a landowner consenting (section 2196, Code, as amended Gen. Acts 1927, p. 765, § 25) to a "different description, if [that employed is] sufficient to identify the property, * * * is estopped to set up a departure from the statute" and the map in common use; the description in the assessment being sufficient to identify the property and duly locate it as within the influence and effect of the contemplated improvement, though not in conformance with the landowner's or city's plat or survey. It is in this respect necessary to keep in mind the distinction in such matter or method of municipal assessment between an absence of power in making such assessment and the abuse of an existing power as to such subject-matter and as affecting its owner. Here, the assessment was made within the power of the municipality under the statute, assessing as it did in gross the several platted lots of the general owner, the mortgagor of appellee.

■ The record shows no arbitrary action or abuse of power in assessing in gross plat lots 11, 12, 13, and 14; and if such there was, it was foreclosed against appellee-owner by failure of due protest and appeal.

■ It is obvious that the original map or plat lots were made with a view of sale and use of the lots in question on Avenue U; that from the map exhibited, the opening and paving of Nineteenth street altered that use and the possibilities of the owner (Waldrop), and rendered useless the old survey and plat. It was not arbitrary for the commission to treat the lots as a single parcel fronting and abutting on Nineteenth street, which was opened and paved, and to so make the assessment. It worked no hardship on Waldrop, the owner, nor on his mortgagee, Terrell, for that if Waldrop should fail to pay the superior lien of the assessment, mortgagee may do this and be subrogated to the rights of the city on the whole assessed area as increased in value by that improvement. Hughes v. Howell et al., 152 Ala.

295, 44 So. 410; First Avenue Coal & Lumber Co. v. King et al., 193 Ala. 438, 69 So. 549; Cook v. Kelly et al., 200 Ala. 133, 75 So. 953.

The decisions in Montgomery, Superintendent of Banks, v. City of Florence, and City of Birmingham v. Emond, supra, established the power of the city to assess for street improvements, where the area so assessed is in one joint ownership, or several general ownerships, and abuts upon the street so improved. The failure of protest, by Waldrop (the owner) or Terrell (the mortgagee), as to the method of assessment employed, waived any objection that may be made by that assessment affecting or affected with a single lien on the several plat lots in question. Montgomery, Superintendent of Banks, v. City of Florence, 226 Ala. 340, 146 So. 882.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.