172 So. 889

**REYNOLDS, Sheriff, et al. v. FABRITIS et al.**

2 Div. 87.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 18, 1937.

Wm. R. Rountree, Jr., of Selma, for appellees.

A. A. Carmichael, Atty. Gen., and Walter J. Knabe, Asst. Atty. Gen., for appellants.

FOSTER, Justice.

This is a bill in equity which seeks to enjoin the collection of a stamp tax on playing cards under schedule 109 of the Revenue Act of 1935 (see Gen.Acts 1935, p. 441, p. 485, § 348, schedule 109), and such a tax on a punch board under schedule 113, and the penalty assessed by the state tax commission under section 15, schedule 159.

It is claimed that complainant was not subject to the tax; and that section 15, schedule 159, does not apply to schedules 109 and 113, and that if it does, complainant is deprived of due process under the Constitution (section 6) by such act.

The sort of attack here made is collateral, and while on collateral attack it may be shown that the penalty is not authorized by law, or that the statute was not complied with as to notice, or that the assessment is void on its face for any reason so appearing, the liability of the taxpayer on other grounds to pay the tax is concluded by his failure to invoke the judicial procedure provided by law in which such liability may be tested, as we will show. He is now estopped to allege his nonliability. Birmingham v. Terrell, 229 Ala. 523, 158 So. 748; Montgomery, Supt. of Banks, v. Florence, 226 Ala. 340, 146 So. 882; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Armstrong v. Williamson & Wilson, 220 Ala. 415, 125 So. 681.

The real question here presented is whether it was lawful for the state tax commission to impose a penalty as provided in section 15, schedule 159, of the General Revenue Act of 1935 (Acts 1935, pp. 530, 543) upon a person violating schedules 109 and 113. Schedule 109 requires a revenue stamp to be affixed to each package of playing cards and schedule 113 makes a similar provision as to punch boards. They both provide that the penalty for such failure shall be governed by the provisions of article 13, chapter 7, of this act. Article 13 has no chapter numbered 7. Its numbered chapters extend consecutively from 1 to 8, inclusive, except as to one number 7. Chapter 4 relates to schedule 156; chapter 5 relates to schedule 157; chapter 6 relates to schedule 158, and chapter 8 relates to schedule 160. But schedule number 159 appears as though a part of chapter 6, and that is followed by chapter 8 with schedule 160. The penalty sought to be imposed is provided by schedule 159, section 15, which by its terms relates only to the tobacco tax.

If schedules 109 and 113 relating to playing cards and punch boards referred to and adopted the provisions of section 15, schedule 159, the meaning of the Legislature would be clear, and effective for the purpose intended. The Legislature could, by reference to it, adopt its provisions as applicable to schedules 109 and 113, even if the features so adopted were taken from a separate and distinct act. Bachelor v. State, 216 Ala. 356(23), 113 So. 67; Hutto v. Walker County, 185 Ala. 505, 64 So. 313, Ann.Cas.1916B, 372; Sloss-Sheffield Steel & Iron Co. v. Smith, 175 Ala. 260, 57 So. 29; Savage v. Wallace, 165 Ala. 572, 51 So. 605.

Those cases hold that section 45, Const. 1901, was not intended to prohibit such form of legislation. No one would therefore deny the power of the Legislature to refer to and adopt for one feature of the revenue act other provisions of it without repeating them in extenso. The purpose is to avoid repetition of detail, when the intent of the Legislature is clear. The holding is that we have no constitutional inhibition against the Legislature thus expressing its intent.

The whole idea is to show what was meant to be enacted as a part of schedules 109 and 113. If that is made clear, there is no trouble in this respect.

We have referred to the original of the revenue act, and find that it now appears without a chapter numbered 7 as it was when introduced and passed. There has never been a chapter 7 of this article expressed in the bill, or an amendment to it or to the act as passed. The immediate setting of schedule 159, as we have shown, justifies a fair inference that it was intended to be chapter 7. The reference in schedules 109 and 113 is to article 13 of this act, as well as to chapter 7. Schedule 159 must be either what was intended, or nothing in the act may be so treated. It is such as would have a reasonable application, if it is what was meant. We think that is what was meant, and it is therefore complete.

Section 15 of schedule 159, article 13, requires notice of the delinquency before a penalty is made final. The taxpayer may within ten days demand that his liability to the tax and penalty shall be tried by a competent court. No burden is

imposed on that right. If no such demand is made, and the tax is not paid, the commission may add a penalty to the amount due to be fixed by it not less than $25, and not more than $500, and make a final assessment of the tax and penalty. Section 103 of article 4 of the same act (page 307) authorizes the taxpayer to appeal from any final assessment made by the state tax commission, as required by law, to be taken in thirty days without undue burdens, and to have a trial in the circuit court of his county or of Montgomery county, in equity.

It has usually been considered that such provisions for judicial consideration answer all requirements of due process. State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872; Oklahoma Operating Co. v. Love, 252 U.S. 331, 40 S.Ct. 338, 64 L.Ed. 596; Ohio Valley Water Co. v. Ben Avon Borough, 253 U.S. 287, 40 S.Ct. 527, 64 L.Ed. 908; State v. Mortgage-Bond Co., 224 Ala. 406, 140 So. 365; Ex parte Thompson, 228 Ala. 113, 152 So. 229.

■ Statutes may impose penalties for tax delinquencies but they must be strictly complied with. Gachet v. McCall, 50 Ala. 307; 61 Corpus Juris 1482, 1483.

Appellee admits that he had such notice as is required by section 15, schedule 159, and does not allege that he demanded a court trial, or that he took an appeal, or paid the tax, but alleges that he was not subject to the tax, and that there was no valid provision of law for a penalty. He is estopped to assert that he was not subject to the tax, and he was subject to the penalty if section 15, schedule 159, applies to schedules 109 and 113. We think it is manifest that it does apply, and that the provision violates no feature of the Constitution which has been called to our attention.

It is not necessary to go into the question of whether complainant may file a bill in equity to vacate the assessment and enjoin the collection of the tax assuming that it is illegal. So that our discussion should not be considered as an admission of the equity of such a bill. We cite some of the cases. Crow v. Outlaw, 225 Ala. 656, 145 So. 133; Gadsden v. American National Bank, 225 Ala. 490, 144 So. 93; Ward v. First National Bank, 225 Ala. 10, 142 So. 93.

We think the bill is without equity, and that the demurrer should be sustained. It is so ordered.

Reversed, rendered and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.