183 So. 344

SCOTT et al. v. LEE, State Comptroller.

3 Div. 268.

Supreme Court of Alabama.

June 30, 1938.

Rehearing Withdrawn Oct. 4, 1938.

Lawrence H. Lee, of Montgomery, for appellants.

A. A. Carmichael, Atty. Gen., and Jack Crenshaw and Silas C. Garrett, III, Asst. Attys. Gen., for appellee.

422

**ANDERSON, Chief Justice.**

The sole question involved upon this appeal is whether or not the tax on lubricating oils used "in internal combustion engines" belongs to the highway or the general fund of the State. The answer to this inquiry involves an interpretation of the Act, Extra Session, 1936-37, page 179.

Said Act, both by title and body, provides for the prevention of the use of the taxes on "lubricating oil, gasoline, naptha [sic] and other liquid motor fuels" used in "internal combustion engines" for any purpose, less the cost of collection, other than for the "construction, improvement, and maintenance and supervision of highways and bridges and streets, including the retirement of bonds," etc.

■ The statute is plain in mentioning the articles upon which the tax is collected, including "lubricating oil", and there is a general repealing clause of all laws in conflict, general, local or private. True, the Act uses the words, "as is provided for in Schedule 156.1 of House Bill 324" (The General Revenue Bill, 1935, Acts 1935, page 509). This reference is inapt and almost meaningless, and cannot be construed as restraining or confining the present act to gasoline only in the face of the special mention of lubricating oil and other articles and the citation can well be disregarded. Reynolds, Sheriff, et al. v. Fabritis et al., 233 Ala. 625, 172 So. 889.

■ The General Revenue Act, 1935, schedule 156, deals with the tax on gasoline. Paragraphs 9, 10 and 11 deal with the distribution and proration of the tax and the purposes for which it is to be used, while schedule 138 deals with lubricating oils, but makes no proration or distribution of the tax or any requirement of the use of same and is unlike schedule 156.

Schedule 138, by paragraph 9 thereof, provides that the "proceeds of the excise tax levied by this Schedule shall, when collected, be covered [converted] into the State Treasury to the credit of the State General Fund." Therefore, the main, if not the sole purpose of the present Act was to restrict the use of the tax on lubricating oil as well as that on gasoline and other articles enumerated to the construction, improvement and maintenance and supervision of highways and bridges and streets including the payment of bonds for which such revenue has been pledged.

The present Act makes no attempt to make a distribution of tax on lubricating oil or to change or modify the distribution of the tax on gasoline as done by schedule 156, 9, 10 and 11 of the Revenue Act of 1935. Its sole purpose seems to limit the use of the funds to roads, bridges, etc., and, in effect, earmark the tax on lubricating oil to that purpose and to automatically divert it from the general fund to the use of the Highway Department which has a general authority over roads, bridges, etc., and the funds designated for that purpose.

■ This fund should therefore be passed to the Highway instead of the general fund subject to the control and disbursement of the Highway Department as authorized by section 1303 of the Code of 1923 (Ala.Code, 1928 [1936 Supp.] § 1397[7]).

The trial court erred in sustaining the demurrer to appellants' petition and in denying the same and the judgment of the circuit court is reversed and the cause is remanded in order that the trial court may decide and dispose of same in conformity with this opinion.

Reversed and remanded.

GARDNER, THOMAS, and KNIGHT, JJ., concur.

BOULDIN, BROWN, and FOSTER, JJ., dissent.

**BOULDIN, Justice (dissenting).**

In my opinion the primary purpose of the Act of 1937, Acts 1936–37, Ex.Sess., p. 179, was to transfer the fund derived from the excise tax on lubricating oils from the general fund and consolidate it with the 6 cents gasoline tax fund levied by Schedule 156.1 of the Revenue Act, Gen.Acts 1935, p. 509, § 348, all to be devoted to the construction, improvement,

maintenance and supervision of a system of Highways, Bridges and Streets.

The Act does not devote the fund to a particular class of highways, nor specify the agencies through which the fund is to be devoted to the purposes named.

This, in my opinion, is left to the General Revenue Law, which in· Schedules 156.9, 156.10 and 156.11, allocates this fund, one-third to the Highway Department and one-third' to the several counties.

The closing sentence of the Act of 1937 indicates to me clearly that the counties are to share in this consolidated fund as they now do in the motor fuel fund.

It follows, in my opinion, that a mandamus to require a transfer solely to the funds under control of the Highway Department was properly denied.

FOSTER and BROWN, JJ., concur.