105 So.2d 682

### CITY OF PRICHARD

v.

### Thomas J. GEARY et al., as Trustees.

### 1 Div. 748.

Supreme Court of Alabama.

Oct. 9, 1958.

Gordon & Jansen, Mobile, for appellee.

Mitchell G. Lattof, Mobile, for appellant.

SIMPSON, Justice.

This suit is a bill for declaratory judgment by appellees, trustees under the will of the deceased E. Lyles Hatter, against the

City of Prichard to determine whether certain real property located within that city can be used for a filling station without violating the city zoning ordinance.

In 1924 T. M. Wilkins and Sarah Wilkins conveyed to E. Lyles Hatter by deed the property in question, which was therein described as follows: "Those certain parcels of property in the County of Mobile, State of Alabama, and more particularly described as follows: Lots One (1) and Two (2), in Block Four (4) of East Prichard Subdivision, as per plat of same recorded in Deed Book 156 N.S., pages 346–7 of the Probate Records of Mobile County, Alabama, less that part of those said lots which were conveyed for the John Craft Highway." According to the plat to which reference was made in the above description, Lot One is a corner lot located at the intersection of Craft Highway and Fifth Avenue in Prichard and Lot Two is the next adjacent lot abutting upon Fifth Avenue. Both lots together do not extend as far back from Craft Highway along Fifth Avenue as the depth of all other lots abutting on Craft in the same block, with the exception of three lots at the extreme end of the block where another street making an angular intersection with Craft has shortened the length of those lots. In 1935 the two lots were still vacant except for a very small building thereon that had been used for a garage. In that year the building was converted into a restaurant and leased. Since then the property has been used continuously as a restaurant and automobile parking area for customers by successive tenants. In addition to the above mentioned uses, the south portion of the property has also been used by a commercial outdoor advertising agency for the erection of a large signboard. This signboard is situated at the rear of the lots facing toward Craft Highway. The restaurant itself fronts on Craft, but extends substantially across the entire north portion of both lots with its longer side running along Fifth Avenue. The parking lot opens upon Craft Highway. At no time has either of these lots during this period been used for residential purposes. The tendency of the evidence adduced is that the owners of this property have always regarded it as one parcel and have always treated it as such. In 1945 the City of Prichard adopted a zoning ordinance which contained the following provisions, as amended in 1946:

"Section 1. It shall be unlawful for any person, firm or corporation to build, or cause to be built, in the City of Prichard, Alabama, any structure or building of any kind or material, unless such building or structure comply with the provisions herein contained, which are as follows:

"(a) No building or structure other than a residence exclusively for dwelling purposes shall be builded in the territories hereinafter set forth: * *

"Bounded on the North by Butler Street, on the East by Craft Highway, the South by North Railroad Street, on the West by Wilson Avenue (except that property abutting on Wilson Avenue). * * *

"B. No building or structure other than that for business purposes, exclusively, shall be builded in the territories hereinafter set forth:

"All property abutting on Craft Highway; * * *"

After the death of E. Lyles Hatter, his will was probated by the Probate Court of Mobile County, and the appellees were appointed as trustees under that will, being vested with full discretionary power and authority to lease and operate the property. These trustees entered into a written agreement with the Continental Oil Company, a Delaware corporation, authorized to do business in the State of Alabama, for the use thereof as a gasoline filling station for a primary term of ten years at a stipulated

rental, which agreement was made upon condition that the Oil Company might be legally permitted to erect and operate a gasoline filling station with all incidental services and products customarily afforded thereby. The Oil Company and the appellees pursuant to the contract tried to obtain from the City Council of the City of Prichard a permit to erect and operate a gasoline filling station on the property in question, but the City Council denied that request on the ground that only such portion of said parcel of real property which was designated as Lot 1 of the subdivision was zoned for business purposes. That denial gave rise to the instant suit. The appellees contend that the entire parcel of real property, consisting of both Lots One and Two, abuts on Craft Highway and is zoned for "business purposes exclusively" under the provisions contained in the zoning ordinance. Their complaint alleges that the contract with the Oil Company is jeopardized to such extent that the same may be cancelled by the company. The trial court overruled appellant's demurrer to the bill. Appellant filed answer in which the City neither admitted nor denied the allegations of the bill, with the exception of an admission as to the existence and validity of the ordinances and a denial that complainant was prohibited from making any use of Lot One, and demanded strict proof of each and every allegation. The answer further averred that the real property involved consists of two separate and distinct lots; that the use of the restaurant building with respect to Lot Two constituted a non-conforming use of that lot under the zoning ordinance; that the complainants had the legal right by virtue of the fact that the commercial building presently on Lot Two existed at the time of the adoption of the zoning ordinance by the City of Prichard to continue the existing and same non-conforming use of Lot Two, but that complainants do not have· the legal right to make another or different non-conforming use of Lot Two; and that Lot One is zoned exclusively for business purposes and that Lot Two is zoned exclusively for residential purposes.

Responsive to the complainants' prayer for relief, the Court below decreed that the entire parcel of land of the complainants was within the area zoned exclusively for business purposes under the Prichard ordinance; that all of complainants' parcel is property abutting on Craft Highway; and that the zoning ordinance of the City of Prichard did not bar the issuance of building permits for the construction of buildings for business purposes on that property.

■ The error first assigned by the appellant was not argued and is therefore waived. Kendall Alabama Company v. City of Fort Payne, 262 Ala. 465, 79 So.2d 801.

■ Before giving consideration to the merits of the case, we must dispose of an assignment of error made and seriously urged by the appellant. Appellant insists that the decree below is erroneous for the reason that there was a failure of proof of an allegation of the bill essential to establishing complainants' prima facie case The bill alleges that the complainants, as trustees, are seized and possessed of the property under the provisions of a trust created in the will of E. Lyles Hatter, deceased, and that they are thereby vested with full discretionary power and authority to lease and operate said property. Appellant argues that the appellees failed to offer any legal proof in support of the above allegations to show that the appellees occupied the status claimed, and that this failure of proof was fatal to their asserted right to relief. Appellant did not object to this testimony or otherwise call the matter to the attention of the trial court, but, of course, this was not required under the statute, as this suit proceeded in equity. Code 1940, Tit. 7, § 372(1). Obviously appellant's theory is that the question of lack of proof in the respect urged was sufficient-

ly preserved by the insistence in the answer upon strict proof of each and every allegation in the bill. This contention is without merit. The only purpose which the law can expect from requiring proof of such matter as the appellant now demands is to establish the capacity, character, or right of the complainant to bring the instant action. The principle is well established that the issue of want of capacity in, or right or authority of, the plaintiff to maintain suit is matter in abatement, and that the practice prevailing in suits at law and in equity requires that when a party sued would deny the capacity in which the plaintiff (or complainant) sues, it must be done by plea (or in some cases by demurrer). The right to sue is admitted by a plea to the merits and is a waiver of any objection to capacity or authority of the plaintiff (or complainant) to bring the suit. Mitchell v. Church of Christ at Mt. Olive, 221 Ala. 315, 128 So. 781, 70 A.L.R. 71; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341; Tilson v. Graham, 208 Ala. 312, 94 So. 295; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Southern Railway Company v. Stonewall Insurance Co., 177 Ala. 327, 58 So. 313, Ann.Cas.1915A, 987; Southern Railway Company v. Stonewall Insurance Co., 163 Ala. 161, 50 So. 940; Davis v. Miller, 109 Ala. 589, 19 So. 699; Louisville & Nashville Railroad Co. v. Trammell, 93 Ala. 350, 9 So. 870; Prince & Garrett v. Commercial Bank of Columbus, 1 Ala. 241; 1 Encyc. of Pl. and Pr., 11; 31 Cyc. 171–172; 39 Am.Jur. 981, § 108; 67 C.J.S. Parties § 113, p. 1116.

The rule here is also followed in other jurisdictions. McCandless v. Furlaud, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202, rehearing denied in 293 U.S. 632, 55 S.Ct. 211, 79 L.Ed. 717; White v. Wasson, 118 Okl. 29, 246 P. 445; Gibson v. Shull, 251 Mo. 480, 158 S.W. 322; and other cases which could be cited.

This rule would seem to derive especial force, when applied to cases like the present one, from the fact that the material issue in dispute is not the title to land or the recovery of possession thereof, but whether a certain parcel of realty may be used for a certain purpose under a city zoning ordinance, irrespective of the owner.

■ Appellant also argues that there was no legal testimony before the court to support the allegations in the bill concerning the written agreement entered into by the trustees with Continental Oil Company. But, other reasons aside, there is no assignment of error specifically directed to this claimed defect to invite our consideration. Supreme Court Practice Rule 1, Code 1940, Tit. 7, Appendix (Pocket Part).

On the Merits

■ As stated, appellees seek to lease the corner property, which has heretofore been used for a restaurant business, to the Oil Company for conversion to use as a filling station. In order to fulfill its lease contract, they must lease the entire parcel, consisting of Lots One and Two. There is no doubt that the portion of that parcel described as Lot One, which directly abuts on Craft Highway, can be used for business purposes. The controversy here can be narrowed to the single question of whether that part described as Lot Two, which adjoins Lot One but abuts only upon Fifth Avenue, a street restricted to residential use only, can also be used for business purposes. The real problem is whether the entire property in controversy shall be considered properly as a single parcel or whether it shall be regarded as two distinct tracts. If these lots are to be considered as two separate parcels, then the decree is erroneous in declaring that the appellees were entitled to use the entire property for commercial purposes. But if the land described by reference to two sep-

**248**

arate lots can be regarded as one piece of realty, so that the part described as Lot Two is included within "property abutting on Craft Highway", the decree is due to be affirmed. We are of the opinion that the appellees' property is one unit. The fact that the property was conveyed to E. Lyles Hatter in 1924 by deed wherein it was described as "Lots One (1) and Two (2) in Block Four (4) of East Prichard Subdivision, as per plat of same recorded" does not militate against this result. Those terms are merely descriptive in function and produce no legal effect of perpetually maintaining a separation of the property conveyed into different tracts. Reference to lots on a plat facilitates the location of property so described, and such reference is employed in the same manner that courses, distances, metes and bounds are used. And a description making reference to separate lots does not necessarily mean that separate property units are being conveyed or that the realty must always be considered apart for all purposes. We quote from the analogous case of Montgomery v. City of Florence, 226 Ala. 340, 146 So. 882, 883:

"But the fact that the property is described by reference to lot numbers in a certain survey is not conclusive that the tract described by the several lot numbers is not one 'lot or parcel' within the contemplation of section 2190 (as amended) or 3112. The single owner of them, all adjoining, could very well combine them all 'as one lot or parcel' for his own purposes. Taken all together as a single parcel, he may conclude that they are more valuable for sale or improvement than if they each were sold or improved separately. This is his privilege, if he so desires. The several lot numbers would then describe but one lot or parcel. Those numbers are only descriptive of the property, and, while they may prima facie indicate separate

parcels, it is not necessarily so. The question is affected by the conditions, but more particularly, we think, by the will and decision of their owner."

Although this quoted case dealt with the question, among others, of whether it was permissible for the city authorities to make a municipal improvement assessment singly against property consisting of several lots, the force of the principle has been recognized in other cases. In another assessment case, Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226, 228, we said, "Unless it appears the property has been so improved as to constitute it one lot or parcel for purposes of conveyance or removing liens therefrom, a failure to so assess [separately] is such irregularity as will lead to a reversal of a decree of the circuit court". See note at 104 A.L.R. 1049, 1050. The principle applied here is not inconsistent with the cases of City of Mobile v. Chapman, 202 Ala. 194, 79 So. 566, and Nixon v. City of Anniston, 219 Ala. 219, 121 So. 514, which the appellant cites for the proposition that where real property is divided into blocks and lots by a duly recorded map or plat and conveyances are made according to said map or plat, the map or plat becomes a part of the grantee's title for the purpose of ascertaining the existence, locations, dimensions, and extent of streets, lots, and blocks indicated. The import of the holding in those cases is that where a map or plat is referred to in a grant or deed as indicating what is intended to be conveyed, it is to be regarded as a part of the conveyance, and may be referred to for the purpose of aiding in the identification of the land showing its form, location, etc.

And of course, the conclusion here attained could not be construed as meaning that a person may acquire in the face of an existing zoning ordinance which restricts commercial buildings to property abutting on a designated street, a series of separate lots for an infinite distance away from the

area of restriction and treat them all as one and use them for a commercial purpose, and thereby establish a vested right to continue the use of the whole unit for business purposes. In the instant case, the disputed property was conveyed to the deceased by one conveyance some eleven years prior to the passage of the zoning ordinance. The deceased and the complainants, trustees under his will, have always regarded and treated the property as a unit, and since 1935 they have leased it for the operation of a restaurant, etc., as stated above. The property has been used continuously as a single parcel for commercial purposes. At the time of adoption of the ordinances in 1945 and 1946 the neighborhood where this property is located was a commercial location, with a filling station next south and adjoining this property, and all that side of Craft Highway for many years had been commercial. As mentioned, the property does not extend back from Craft as far as most of the commercial property in the same block. To say now that the property is actually two distinct lots and that one of the two lots belongs to a residential sector of the city would be a futile refutation of a matter of established fact.

The question of whether the property which is the subject of this suit is one parcel or not was an issue of fact to be determined by the trial court. The decree of the court below is fairly supported by credible evidence, and it is our duty to affirm. Rodgers v. Thornton, 254 Ala. 66, 46 So.2d 809; Longley v. Patton, 264 Ala. 235, 86 So.2d 820; McCary v. McMorris, 265 Ala. 493, 92 So.2d 319.

The posture of this case, as here determined, does not admit of the application of the rule with regard to non-conforming uses of real property existing at the time of adoption of a zoning ordinance.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.