400 So.2d 375 (1981)
The CITY OF HOMEWOOD, a Municipal Corporation
v.
Charles E. CAFFEE.
79-621.
Supreme Court of Alabama.
April 24, 1981.
Rehearing Denied June 19, 1981.
*376 Irvine C. Porter and James W. Porter, II, Birmingham, for appellant.
Donald L. Newsom, of Corretti & Newsom, Birmingham, for appellee.
JONES, Justice.
In April, 1928, the Mayfair Land Company filed in the Probate Office of Jefferson County, Alabama, a subdivision plat known as the Survey of Mayfair, and situated within the City of Homewood, Alabama. This survey contained approximately 210 lots, of which 161 residential lots are less than 65 feet in width. On April 29, 1929, Charles A. Fell purchased Lot 31, and built a residence thereon. In September of 1937, Fell bought Lot 32, and subsequently acquired Lot 30 in December of 1940. All three lots are 60 feet wide at their building line.
On December 11, 1961, The City of Homewood, Alabama, adopted a zoning ordinance which provided, inter alia, as follows: "The minimum lot size in the R-2 District shall be: Area in square feet, 7,500; width [in] feet at building line, 65."
Charles A. Fell died in 1969 and title to Lots 30, 31, and 32 was vested in the cotrustees under his last will and testament. The co-trustees of the Charles A. Fell trust listed all three lots with Appellee, Charles E. Caffee, for sale. Caffee was unable to sell the house and all three lots to a single purchaser and, in order to effect a sale of the home on Lot 31, he purchased Lots 30 and 32 in his own name. Thereafter, Caffee sought to obtain building permits for separate structures on Lots 30 and 32. The request was directed to the Building Regulations Superintendent of Homewood, and sought a five-foot variance on Lots 30 and 32 from the required minimum width at the building line of 65 feet.
At the time Caffee applied for the building permits and the five-foot variance on Lots 30 and 32, the City of Homewood had no designated Board of Zoning Adjustments. Approximately five months later, such a body was instituted by the Homewood City Council. On October 13, 1977, despite an affirmative vote by the Board of 3 to 2, the requested relief for a variance *377 was denied.[1] Thereafter, Caffee appealed this order of denial to the Circuit Court of Jefferson County. During the pendency of this appeal, Caffee instituted a separate and distinct cause of action in the Jefferson County Circuit Court alleging the unconstitutionality of the Homewood zoning ordinance as applied to him.
On March 20, 1980, with Caffee's appeal from the Board of Zoning Adjustment's decision still unresolved, the circuit court in the cause now before this Court entered a judgment which, inter alia, declared: 1) The Homewood ordinance under which Caffee was denied his permits was unconstitutional in its application to Caffee; 2) the action of the City of Homewood in denying Caffee's request for a variance was discriminatory and violative of the equal protection and due process clauses of the Alabama and United States Constitutions; and, 3) the action of the Board of Zoning Adjustments was not "fairly debatable" and was arbitrary and capricious. (See, Jefferson County v. O'Rorke, 394 So.2d 937 (Ala.1981)).
The City's motion for a new trial or application for rehearing was denied on May 5, 1980. Thus, the City appeals. We affirm.
I. JURISDICTION OF THE CIRCUIT COURT.
At the outset, the City asserts that the trial court erred by assuming jurisdiction of this cause while at the same time allegedly ignoring the existence of Caffee's appeal to the circuit court from the adverse decision of the Homewood Board of Zoning Adjustments. Stated another way, the City contends that the circuit court was without jurisdiction to consider Caffee's constitutionally grounded claims because Caffee had then pending another action attacking the denial of the variance by the Homewood authority. We disagree.
Summarily stated, Appellant's position is that a court which first assumes jurisdiction of a cause must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals where the subject matter involved is within the competency of the court first assuming jurisdiction. Ex parte State ex rel. Ussery, 285 Ala. 279, 231 So.2d 314 (1970). While this is a correct statement of the general rule, it must, in this case, be juxtaposed with § 11-52-81, Code 1975, which reads in pertinent part:
"Any party aggrieved by any final judgment or decision of such board of zoning adjustment may within 15 days thereafter appeal therefrom to the circuit court ... and the action in such court shall be tried de novo." (Emphasis added.)
The nature and scope of this statute was discussed in Nelson v. Donaldson, 255 Ala. 76, 80, 50 So.2d 244, 248 (1951), wherein Justice Lawson stated:
"The inquiry in the circuit court is neither enlarged nor diminished by appeal. The scope of inquiry on appeal is the same as before the board of adjustment, though the circuit court is a court of general jurisdiction. In other words, under our statute the authority of the circuit court on appeal to permit a variance from the terms of the ordinance is the same as that conferred on the board of adjustment ...." (Emphasis added.)
Consequently, on an appeal pursuant to § 11-52-81, the scope of inquiry by the circuit court is limited to only those issues which could be properly presented to the Board of Zoning Adjustments. Justice Maddox, speaking for this Court in Board of Zoning Adjustment, etc. v. Warren, 366 So.2d 1125, at 1128 (Ala.1979), stated: "The circuit court is without jurisdiction to try issues not raised before the board."
The practical effect of this statute is to require the circuit court to sit as a "glorified board of adjustment." Nelson, 255 Ala., at 80, 50 So.2d 244. Thus, if Caffee has valid claims not cognizable before the zoning board, he will likewise be precluded *378 from litigating these claims to the circuit court on appeal pursuant to § 11-52-81. Southern Rock Products Co., Inc. v. Board of Zoning Adjustment of City of Trussville, 282 Ala. 186, 210 So.2d 419 (1968).
Appellee's assertions in this cause are grounded on claims of discrimination, denial of due process and equal protection as well as the alleged unconstitutionality of the Homewood ordinance as applied to Appellee. In Watson v. Norris, 283 Ala. 380, 217 So.2d 246 (1969), it was stated that an administrative body has no power to declare an ordinance unconstitutional. The powers of the board are specifically limited to those contained in Code 1975, § 11-52-80.
We conclude, therefore, that, because the Board of Zoning Adjustments was without authority to consider any constitutional attack on the Homewood ordinance, Caffee's constitutional challenge to that ordinance in the circuit court was not precluded by the City's claims of "identical issues" in both proceedings. Consequently, the circuit court did not err by assuming jurisdiction of this cause during the pendency of Caffee's appeal from the action of the Board of Zoning Adjustments.
In Watts v. City of Wiggins, 376 So.2d 1072 (Miss.1979), it was stated, and we agree, that a property owner "may not seek a change in a classification of property under a zoning ordinance and at the same time [and in the same proceeding] attack [the constitutional] validity." In Watts, supra, the petitioner sought to bring his request for a variance and his constitutional claims in the same proceeding. In rejecting this attempt, the Watts Court stated that if the claimant wished to attack the constitutional validity of the ordinance, he should do so in a subsequent, independent proceeding. Here, the property owner has heeded the Watts' admonition.
II. QUALIFICATION OF THE TRIAL COURT'S ORDER.
The City next contends that it was error for the trial court to order that a building permit be granted without first qualifying its order upon compliance by Caffee with the applicable regulations and specifications contained in Homewood's Municipal Code. The City further asserts that, by virtue of the trial court's "cryptic" order, Caffee will not be required to pay the usual permit fees; and, in addition, Appellee will be in violation of a restrictive covenant contained in his deed requiring a 40-foot setback. (Appellee's initial plans provided for a 39-foot setback.)
At the risk of also sounding "cryptic," we believe we can satisfy the city's instant concern by observing that the scope of the trial court's order is limited to the issue presented and tried by the parties, i. e., the 65-foot width requirement. Necessarily, issuance of the permit under the trial court's order is conditioned upon Appellee's compliance with all the applicable regulations of the Homewood Municipal Code, other than the 65-foot width requirement found to be unconstitutional and unenforceable as against Mr. Caffee.
We have carefully considered each of the remaining issues raised by the City and find them to be without merit.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

On Rehearing
JONES, Justice.
Because of our profound respect for Appellant's counsel, and the earnestness of his contentions, we yield to his insistence that we address directly and specifically an issue presented but spoken to only inferentially in the original opinion.
Appellant's rehearing brief states: "[T]he issue [on rehearing] is the failure, or refusal, of the Supreme Court to address, or speak to, the third issue raised by Homewood in its original brief
"`Did the trial court err in failing to apply the uncontested provisions of Section 6-6 of Homewood's Zoning Ordinance, which defines a `lot' within the meaning of said ordinance, to the tract, or parcel, of land involved in this litigation?'"
*379 Section 6-6 of the zoning ordinance in question defines the term "Lot":
"`A piece, parcel or plot of land occupied or intended to be occupied by one main building, accessory buildings, uses customarily incidental to such main buildings and such open spaces as are provided in this ordinance, or as are intended to be used with such piece, parcel or plot of land.'"
Citing City of Prichard v. Geary, 268 Ala. 243, 105 So.2d 682 (1958) and Montgomery v. City of Florence, 226 Ala. 340, 146 So. 882 (1933), counsel insists:
"[This] Court clearly and decisively established the principle that the unitary nature of the use of an entire parcel of property is the controlling factor which must be considered in determining whether such parcel of property is a single parcel of property for zoning and other purposes, rather than the fact that the parcel involved is described as two, or more, lots reflected on a recorded map of a particular subdivision of property.
". . .
"Section 6-6, of the Homewood Zoning Ordinance, very specifically provides that a `lot' within the meaning of the ordinance involved is a `plot of land occupied or intended to be occupied by one main building * * *' [emphasis in original]. The undisputed evidence in this case reveals that the entire plot of land involved in this case was occupied for more than 40 years by only one main building and that no attempt was made to alter that status until after the death of the owner who established and maintained the unitary nature of the entire plot."
Although this argument is not without some persuasion, its flaw becomes apparent when pursued to its logical conclusion. An application of the "unitary nature of its use" principle to the property in question necessarily would encompass all three lots, keeping in mind that the third lot (the only lot occupied by a building) is not involved in this litigation. Thus, the application here urged would not only destroy the integrity of the two separate remaining lots for construction purposes but it would also prohibit the use of the combined remaining two parcels for the construction of even a single residence.
To be sure, we do not perceive Appellant's argument to extend to a denial of the owner's use of the remaining two lots as a single unit for the construction of one residence; but, under the circumstances of this case, either the remaining two vacant lots retain their separateness, if the owner so elects to treat them, or they partake the unitary nature of the use of the whole, including the third or "occupied" lot. To now treat the remaining two lots as a single unit under the "unitary" principle operates in defiance of the City's original premise that the unitary nature of the use of the entire parcel is the controlling factor in determining the present use of the remaining unoccupied parcels. In other words, if we apply the "unitary" principle as here urged by the City, our holding would be tantamount to a mandate that the two remaining vacant lots forever remain vacant. This we decline to do.
The Prichard and Florence cases relied upon by Appellant each arose in factual contexts altogether different from that of the instant case, making these prior decisions totally inapposite to the issue here presented.
OPINION EXTENDED AND APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.
NOTES
[1] While the recorded vote of the Board members was 3-2 in favor of granting Appellee's request for a variance, the motion was defeated under a requirement that a motion receive at least 4 votes in order to pass.