On Rehearing
Because of our profound respect for Appellant's counsel, and the earnestness of his contentions, we yield to his insistence that we address directly and specifically an issue presented but spoken to only inferentially in the original opinion.
Appellant's rehearing brief states: "[T]he issue [on rehearing] is the failure, or refusal, of the Supreme Court to address, or speak to, the third issue raised by Homewood in its original brief
 "`Did the trial court err in failing to apply the uncontested provisions of Section 6-6 of Homewood's Zoning Ordinance, which defines a `lot' within the meaning of said ordinance, to the tract, or parcel, of land involved in this litigation?'" *Page 379 
Section 6-6 of the zoning ordinance in question defines the term "Lot":
 "`A piece, parcel or plot of land occupied or intended to be occupied by one main building, accessory buildings, uses customarily incidental to such main buildings and such open spaces as are provided in this ordinance, or as are intended to be used with such piece, parcel or plot of land.'"
Citing City of Prichard v. Geary, 268 Ala. 243, 105 So.2d 682
(1958) and Montgomery v. City of Florence, 226 Ala. 340,146 So. 882 (1933), counsel insists:
 "[This] Court clearly and decisively established the principle that the unitary nature of the use of an entire parcel of property is the controlling factor which must be considered in determining whether such parcel of property is a single parcel of property for zoning and other purposes, rather than the fact that the parcel involved is described as two, or more, lots reflected on a recorded map of a particular subdivision of property.
". . .
 "Section 6-6, of the Homewood Zoning Ordinance, very specifically provides that a `lot' within the meaning of the ordinance involved is a `plot of land occupied or intended to be occupied by one main building * * *' [emphasis in original]. The undisputed evidence in this case reveals that the entire plot of land involved in this case was occupied for more than 40 years by only one main building and that no attempt was made to alter that status until after the death of the owner who established and maintained the unitary nature of the entire plot."
Although this argument is not without some persuasion, its flaw becomes apparent when pursued to its logical conclusion. An application of the "unitary nature of its use" principle to the property in question necessarily would encompass all three lots, keeping in mind that the third lot (the only lot occupied by a building) is not involved in this litigation. Thus, the application here urged would not only destroy the integrity of the two separate remaining lots for construction purposes but it would also prohibit the use of the combined remaining two parcels for the construction of even a single residence.
To be sure, we do not perceive Appellant's argument to extend to a denial of the owner's use of the remaining two lots as a single unit for the construction of one residence; but, under the circumstances of this case, either the remaining two vacant lots retain their separateness, if the owner so elects to treat them, or they partake the unitary nature of the use of the whole, including the third or "occupied" lot. To now treat the remaining two lots as a single unit under the "unitary" principle operates in defiance of the City's original premise that the unitary nature of the use of the entire parcel is the controlling factor in determining the present use of the remaining unoccupied parcels. In other words, if we apply the "unitary" principle as here urged by the City, our holding would be tantamount to a mandate that the two remaining vacant lots forever remain vacant. This we decline to do.
The Prichard and Florence cases relied upon by Appellant each arose in factual contexts altogether different from that of the instant case, making these prior decisions totally inapposite to the issue here presented.
OPINION EXTENDED AND APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur. *Page 380